27   469
130  355

DANIEL R. MITCHELL, plaintiff in error, vs. JOSEPH J. PRINTUP, defendant in error.

A new trial will be granted when the verdict of the jury is so uncertain that it cannot be executed, or is expressed in such terms that an objectionable part cannot be set aside with justice to both parties.

Assumpsit, from Floyd county. Tried before Judge HAMMOND, at August Term, 1858.

This was an action by Printup against Mitchell. The jury returned the following verdict: " We the jury find for the

defendant three hundred and fifty dollars, with costs of suit; and find further, that the plaintiff has one-half interest in the Buena Vista property, and entitled to one-half of the rent from the time Mrs. M. A. Choice left the property, up to the present time."

Plaintiff moved for a new trial, on the grounds, that the verdict was illegal, uncertain and void, and could not be enforced, and was contrary to law and evidence, and the charge of the Court.

After argument, the Court set aside the verdict, and granted a new trial, on the first ground in the *rule nisi*, to-wit: that the verdict was illegal and void, in this, that the latter part thereof is inconsistent with the first, and renders the whole a nullity. All the other grounds were overruled.

To which judgment granting a new trial defendant excepted.

AKIN; and SHROPSHIRE, for plaintiff in error.

UNDERWOOD & SMITH; and D. S. PRINTUP, *contra.*

*By the Court.*—McDONALD J. delivering the opinion.

There are nineteen grounds in the motion for a new trial. The Court granted a new trial on the first ground taken in the motion, viz: that the verdict of the jury is illegal and void, and cannot be enforced. This was an action on the law side of the Court, and there is no process known to, or used in, a Court of law, by which the verdict, as found by the jury, can be enforced. The suit was instituted for the recovery of a sum claimed to be due to the plaintiff from the defendant in the Court below, for work done, materials furnished, and cash advanced by the plaintiff to the defendant, in and about the business of the defendant. The defendant, amongst other things, pleaded a contract made by the plaintiff with the defendant, by which the plaintiff agreed to do

Mitchell vs. Printup.

all the work, &c., for half interest in certain property on which the work was to be done, and the plaintiff had done and performed the work *himself*, under said contract, and not for the defendant; and he pleaded further, a set-off, for cash paid by defendant to the use of plaintiff, &c., &c.

There was no plea of a deed made by defendant to plaintiff, for one half interest in the property, in payment of plaintiff's demand, under the special contract; nor did the defendant, in his plea, make a tender of a deed, with a *profert in curia*, but there was evidence of the contract gone into very fully before the jury. We might say, that the verdict is against evidence, for the defendant certainly cannot be discharged by a verdict, until he pays the demand sued some way, or makes proof that the plaintiff is not entitled to recover. We do not perceive that he has done either by his pleadings or proof. If he sets up a special contract, he should plead and show performance, or an offer and readiness to perform on his part. It is sufficient for us to put our judgment on the same ground that the Court below awarded a new trial, which we do, and affirm his judgment. My brethren are of opinion that we can order a reversal of the judgment on terms; but the terms upon which the reversal is placed, depend so much upon the option of the parties, that it amounts to nothing more than a reversal by consent, dependent upon their voluntary execution of the verdict. Taking the whole case in all its parts, I am inclined to the opinion, that it is a very proper case for equity jurisdiction.

Judgment affirmed, but it may be reversed conditionally.