The Central Georgia Bank vs. Iverson, trustee, et al.

---

THE CENTRAL GEORGIA BANK *vs.* IVERSON, trustee, *et al* | 73  19 |
| 109  834 |

[Hall, Justice, being disqualified, Judge Clarke, of the Pataula' circuit, was appointed to preside in his stead.]

While bills of review to decrees in chancery are not superseded by the right of motion for a new trial, and are not barred till three years from the dates, respectively, of the decrees in question, yet, where a verdict is rendered against the complainant's demand, and he fails to move for a new trial during the term, but afterwards files his bill of review, or for a new trial, upon such grounds only as he might have used in such a motion, and shows no sufficient reason why the remedy by motion during the term was not adequate, or was not used, he is in *laches*, and his bill should be dismissed on demurrer.

March 11, 1884. (Head-notes by the court.)

Verdict. Equity. New Trial. Practice in Superior· Court. Before Judge SIMMONS. Bibb Superior Court. · April Term, 1883.

On September 22, 1877, the Central Georgia Bank filed ʹ its bill against B. V. Iverson, trustee for his wife and children, and against the *cestuis que trust*, alleging that, on· January 23, 1871, the trustee, being indebted to Collins & Son, warehousemen, for money and advances made and. expended for the benefit of the trust estate, gave them a warranty deed to certain land, as security for the debt,. and took a bond to reconvey the same upon its payment on or before November 1, 1871; that this was done under·

The Central Georgia Bank vs. Iverson, trustee. et al.

authority of an order granted at chambers by the chancellor, upon application by the trustee, and with the consent and approval of the wife and guardian *ad litem* of the minor, in which it was recited that the indebtedness was incurred for the benefit of the trust estate; that the time of payment was extended to January 1, 1873; that, in pursuance of this agreement, the trustee drew a draft on Collins & Son for the amount ascertained to be due; that they accepted it in the ordinary course of business, as was customary among warehousemen at that time; that they, being indebted to complainant, transferred the draft before due, and made complainant a deed to the land, and it took without notice of usury or any irregularity; that Collins & Son have since become insolvent. The object of the bill was to subject the trust estate.

The trustee and *cestuis que trust* answered the bill, admitting the granting of the petition, but attacking the sale as illegal, because the guardian *ad litem* of the minor was at the time counsel for Collins & Son; because the judge had no power in chambers to pass the order; because, without an order from a court of chancery, the trustee could not change the trust; because the facts stated in the petition were not true· because the debt was not Mrs. Iverson's debt, but her husband's; and because it was tainted with usury.

The jury found the following verdict on June 28. 1878:

"We, the jury, find that the trust estate is not liable for the debt; we also find that the debt was made by B. V. Iverson for his own benefit, and that he is liable for $3,602.37."

No decree was entered.

On June 25, 1881, complainant filed the present bill, in the nature of a bill for review of the former decision, and to enforce its claim against the trust estate. The pleader styles it, in one of the amendments, as being "in the nature of a bill of review and revivor, and as a supplemental bill." It alleged that usury could not be pleaded without offering to pay principal and legal interest   that defend-

ants were estopped by their solemn admissions *in judicio* as to the liability of the trust estate, and could not deny it, and that no issue could be made or found to the contrary; and that the verdict did not cover the issues actually made.

By amendment, other grounds for review were set out, which were substantially as follows: That the debt was for the benefit of the trust estate, and this was not denied in the answer; that the original bill prayed for an accounting, and the answer admitted that some of the money was expended for the trust estate, but the verdict ignored this issue; that the verdict does not show on which plea it was rendered; that the verdict impliedly found the order of the chancellor void, while the answer impliedly admits that it was legally passed, and the deed under it was legally executed; that Mrs. Iverson, being of full age, was bound, irrespective of any order to sell; that the verdict found B. V. Iverson liable individually, though not a party. Other reasons were also alleged why the *cestuis que trust* were estopped by their acts and admissions from denying the claim, and why the verdict should be set aside, not necessary to be detailed The prayer was that the verdict be set aside, a new hearing be had, and the trust estate be subjected to the debt.

Defendant demurred to the bill, on the following grounds: Because there was no equity in it; because the matter was *res adjudicata;* because there was no error in the verdict, and it covered the issues; because no special leave to file the bill appears; because it was barred by the statute of limitations; and because a motion for new trial was the proper remedy. The amendment was demurred to as making a new bill of review barred by the statute of limitations.

The demurrer was sustained, and the bill dismissed, and complainants excepted.

WASHINGTON DESSAU; BACON & RUTHERFORD, for plaintiff in error.

LYON & GRESHAM, for defendants.

CLARKE, Judge.

Benjamin V. Iverson, as trustee for his wife, Juliette, and for his minor son, James S., executed to Collins & Son a deed to certain realty of the trust estate. The deed, though absolute and for the fee simple on its face, was made to secure a large indebtedness of said trustee to the grantees. The latter executed an obligation to re-convey on payment of the debt. On petition of the trustee and the written consent of his wife, as well as of a guardian *ad litem* for said minor, the chancellor had, at chambers, passed an order allowing the transaction to be made, upon the ground that the debt was contracted for the benefit of the trust estate. Collins & Son having assigned the debt to plaintiff in error and conveyed the land to the same, as the accompanying security, the latter filed a bill against defendants in error to procure an enforcement of the debt against said land. Answer was made denying the liability of the trust property to said claim, and denying that the debt was made for the benefit of the trust. At the trial, the jury found that the trust estate was not bound for the debt. Complainant made no motion for a new trial.

Three years, lacking three days, after the date of said finding, complainant filed the present bill, praying to have the verdict vacated and a new hearing allowed, on the ground that the finding was illegal. On demurrer, the bill was dismissed. That dismissal is here for review.

Counsel for plaintiff in error denominate the bill a bill of review; and having filed it before the expiration of three years, insist that it is not barred by time. They further maintain that there is enough on the face of the pleadings in the original case to show that the verdict ought not to have been rendered.

Because they think that they can make that appear, they insist that, by this bill, they can have relief against the verdict.

The Central Georgia Bank *vs* Iverson, trustee. *et al.*

1, 2. Now, either the verdict is so completely foreign to, and unsupported by, the pleadings as to be utterly void, or it is not. If it is, complainant needs not to have it reviewed or reversed. If it is not, then it is good until set aside.

It is urged that the pleadings did not authorize the admission of such evidence as was indispensable to support such a verdict, and, consequently, that the record itself shows the verdict to have been illegal. It is thence argued that, by a bill of review, it may now be reversed.

We reply that the bill alleges the liability of the trust estate, and the answer denies that the debt was due by the trust, or made for its benefit. If the state of the pleadings was not such as to authorize it, yet if the evidence was admitted without objection, or without objection maintained, the jury might make, on the question of liability, a valid finding upon such evidence. This court could not ascertain from the pleadings alone that the jury erred. Hence, the exigencies of the plaintiff in error call for an inquiry into the evidence on which the verdict was founded, as an indispensable means of ascertaining whether or not the finding was legal. It seems, therefore, plain, that the setting aside of this verdict must fall under the ordinary rules for vacating verdicts.

The Code (§2919) expressly recognizes bills of review, and prescribes, as the statutory limitation to such a bill, the period of three years from the date of the obnoxious decree. The allowance by statute (Code §4211) of motions for new trial in equity causes does not supersede bills of review. Such a bill may have an office to perform beyond the reach of such a motion. If, for instance, after the adjudication of an equity cause, other parties should become so interested in the subject-matter of the decree as to make it needful to have it reversed for their benefit, a bill of review may bring in the new parties and procure the recognition and enforcement of their rights in

the reversal. This could not be done by a mere motion for a new trial.

The example offered is not presented as exhaustive of the peculiar functions of a bill of review, but only as an illustration how this remedy may well co-exist with the right of motion for a new trial, notwithstanding the limitations which this decision may declare upon the use of such remedy.

In a case, therefore, in which one should propose by a bill of review to effect something more of what is proper and needful to justice and equity than can be effected by the practice under motions for new trials, we would not hold that the party was confined to the use of the proceeding by motion. But, in the pending case, no new party is sought to be brought in, and nothing is attempted beyond what a motion for a new trial could have effected. Call the bill what you please—a bill of review, a bill for a new trial, or a supplemental bill in the nature of a bill of review, all of which names have, in the argument, been proposed for it—it is simply an attempt to get rid of a verdict which is recognized as in the plaintiff's way. It is an attempt to do that by the protracted and expensive method of a bill in equity, when it might have been so much more easily and promptly done by a mere motion for a new trial. It is an attempt to do that nearly three years after the time within which the statute would allow such a motion on such grounds to be entertained. It is an effort to do it, unaccompanied by any pretense of excuse for not resorting to the simpler and prompter remedy. It comes on June 25, 1881, with a confession of want of diligence in not urging rights, while the court, in June, 1878, was occupied in their discussion and solemn adjudication. Its only occasion is the plaintiff's negligence. It is the very child of *laches.*

Commonly a motion for a new trial must be filed within the term of the adjudication attacked. It is only upon extraordinary grounds, of which the party could not avail

himself during the term, that the motion can be afterwards made. Whenever it is made, it stands at once for a hearing, unless deferred for cause or by consent. If one could be allowed to pass by this remedy and file his bill of review, or for a new trial, it could not be returnable earlier than the next term, nor be triable till the second term following the unsatisfactory decision. The exigencies of due service of the bill might still further delay the trial term. How idle would be these legislative restrictions on a motion for new trial, designed, as they are, to expedite justice and hasten the termination of law-suits, if one could wait nearly three years and then claim the same advantages by merely writing out his demand in the shape of a bill, and asking for a review and reversal! We cannot believe that the legislature intended to secure so little effect to these limitations.

It is true that mere lapse of time, less than three years, will not be an absolute bar to a bill for review, or to a bill for a new trial. But it is equally true that neither a bill ror a new trial nor a bill for review against a verdict will be entertained, unless some satisfactory cause be shown why the complainant could not, with proper diligence, get the just and needed relief by the motion. 27 *Ga.*, 469 ; 55 *Id.*, 667 ; 38 *Id.*, 174 ; 39 *Id.*, 678 ; 56 *Id.*, 222, 363. The complainant has not even attempted to show such a case. Having slept over its rights, it has lost them.

Let the judgment below be affirmed.