## DONALDSON v. ROBERTS et al.

If an equitable petition filed for the purpose of setting aside a judgment overruling a motion for a new trial and of obtaining a new trial of the original case will lie at all, it certainly is not maintainable when it shows that the petitioner was guilty of any default or neglect on his part.

Argued February 1, — Decided February 27, 1900.

Equitable petition. Before Judge Candler. DeKalb superior court. February 3, 1899.

*R. J. Jordan,* for plaintiff in error.
*Candler & Thomson* and *W. J. Albert,* contra.

Simmons, C. J. Roberts and Kirkpatrick brought an action of ejectment against Donaldson, to recover possession of a certain tract of land in DeKalb county, Georgia. After evidence for both sides had been submitted, the trial judge directed the jury to return a verdict for the plaintiffs. Donaldson moved for a new trial. By agreement the motion was submitted to the judge without argument. The judge held up his decision for more than ten months, when, in open court and in term, he overruled the motion. Counsel for the movant was not present, and did not learn of the decision until too late to bring the case by bill of exceptions to this court. He thereupon filed what he calls a "bill of review," asking that the judgment overruling the motion for new trial be set aside and that a new trial of the ejectment suit be granted. This petition was mainly predicated upon what is alleged to have been the understanding between the judge and the counsel for the petitioner. It was alleged that the judge, at the time the motion was submitted, agreed that when he decided the motion he would notify counsel for the movant in time for a bill of exceptions to be sued out in case of an adverse decision; that he held up his decision a long time; and that when the decision was made he failed to notify counsel, and thus by the action of the judge the movant lost his right to bring the case to this court. The petition also alleged that there was error apparent on the face of the record of the ejectment suit, the error consisting in the direction of the verdict for the plaintiffs under the facts disclosed. The petition was demurred to on the following grounds: "1. That the

facts in said petition set forth give no cause of action to the plaintiff against these defendants. 2. That upon said case made by said petition the petitioner is not entitled to a review of the order and decree of the court therein set forth, and to have set aside the judgment and order of the court refusing a new trial." The judge sustained the demurrer, and Donaldson excepted.

The pleader in his petition styles it a "bill of review," but we think that it is not such a bill. A technical bill of review or a bill in the nature of a bill of review, according to our understanding, lies only to review a decree of a court of equity, not a judgment at law. The present bill is really a petition to set aside a judgment overruling a motion for a new trial, and to obtain a new trial. Such petitions are not favored by courts of equity. The law has provided ample remedies to the parties, by giving them the right to move for a new trial in the court below, and by giving them the right to a writ of error to this court. Where the losing party fails to avail himself of his proper legal remedies, courts of equity will be slow to grant him relief, unless he shows that he has exercised all diligence, or that from some unavoidable cause he could not pursue his legal remedies. If his petition shows that there has been any default or neglect on his part or on the part of his counsel, equity will not aid him. *Stroup* v. *Sullivan*, 2 *Kelly*, 275; *Robuck* v. *Harkins*, 38 *Ga.* 174; Civil Code, §§ 3987, 3988. Applying this rule to the facts set out in the present petition, we find that the petitioner did not exercise full diligence in the assertion of his rights at law. He relied altogether upon an understanding with the trial judge that, the latter would inform petitioner when the decision was made on the motion for a new trial. We think that such an understanding did not relieve the petitioner or his counsel of the duty of ascertaining the progress of the case and when the judge was likely to decide it. Counsel should not have relied entirely upon such a promise by the judge. He should have recognized the fact that a judge has more cases than one, and that this particular judge had many cases and was a very busy man. He ought also to have recognized the fact that the judge might in good faith forget the promise, as was doubtless the case in this instance, if the

allegation be true that the judge made the promise in question. It was the duty of counsel to keep himself advised of the progress of his case, to attend court when his case was likely to be decided, and to inquire whether it had been decided. In this case counsel seems to have relied exclusively upon the judge's promise. He ought instead to have kept himself advised as to his case, especially after the judge had held up the decision so long a time. He ought to have attended the term of the court in which the motion for new trial was pending, or at least to have made inquiry within thirty days after the adjournment of the term. The decision was rendered in open court and during term, and such an inquiry would have afforded timely information of the decision. Nor should counsel have relied upon promises made in vacation while the case was held up by the judge and before the decision. In the case of *Parker* v. *Belcher*, 87 *Ga.* 110, Bleckley, C. J., said: "A suitor in the superior court has no right to consult the judge while off the bench for his opinion as to when the case will come on for trial, or as to what will be done with it when it does come on. The sayings and doings of the judge in such an interview are extrajudicial and can not be treated as announcements or rulings of the court." See also *Farley* v. *Bloodworth*, 66 *Ga.* 349. Even where the promise is made from the bench, we still think, for the reasons given above, that counsel should not rely entirely upon it. In the present case counsel did not exercise full diligence in looking after his case. It seems to us that, after the adjournment of the court wherein the motion was pending, the movant or his counsel ought at least to have made some inquiry as to whether or not the decision had been made. While the judgment overruling the motion for new trial may have been erroneous, yet, as the petitioner does not show that he exercised full diligence in the pursuance of his legal remedies but does show that he was in laches, we think he is entitled to no relief in a court of equity. The court was therefore right in sustaining the demurrer to the petition. Upon the subject of laches in such proceedings see *Bryan* v. *Walton*, 33 *Ga. Supp.* 11; *Rogers* v. *Kingsbery*, 22 *Ga.* 60; *Central Ga. Bank* v. *Iverson*, 73 *Ga.* 19; *Sharp* v. *Loyless*, 39 *Ga.* 678.

*Judgment affirmed. All the Justices concurring.*