SHAHAN, *v.* MYERS *et al.,* administrators.

BECK, J. 1. A judgment valid in other respects will not be set aside as void because it adjudges that the plaintiff recover, in addition to the principal sum and interest, a named amount as attorney's fees, whether or not the recovery of attorney's fees was unauthorized under the pleadings in the case. *Latimer* v. *Sweat,* 125 *Ga.* 475 (54 S. E. 673).

2. If so much of the judgment as awards attorney's fees was unauthorized, proceedings to amend the judgment, or vacate it in part, might lie, whereby that which was good might be preserved and that which was bad might be removed; but where part is good and a part bad, and the attack in the motion to set aside was upon the judgment as a whole, the motion was properly overruled.

(a) This decision affirming the judgment of the court below is not to be so construed as to have the effect of precluding the plaintiff in error from

instituting appropriate proceedings for the purpose of having the judgment, which he sought to have set aside, amended by striking therefrom so much thereof as awards attorney's fees against the defendant, if, upon the hearing of the application to amend, it should appear that judgment for attorney's fees was unauthorized.

3. Objections to the form of the judgment, made in the motion to set aside, were not argued in the brief of counsel for the movant (plaintiff in error here), and are therefore not passed upon.        *Judgment affirmed.*

Argued January 15,—Decided May 19, 1908.
Rehearing denied May 25, 1908.

Motion to set aside judgment. Before Judge Wright. Walker superior court. September 1, 1906.

In a suit begun by attachment, based upon notes promising to pay, in addition to principal and interest, "all costs of collection, including 10 per cent. attorney's fees," the court, after overruling the defendant's motion to dismiss the attachment, and after striking his plea because not filed under oath, rendered judgment against him for the principal, interest, and attorney's fees, the judgment stating that "the defendant having appeared and filed a motion to dismiss said attachment, and filed a plea and answer to said cause, but not under oath, and there being no plea filed under oath in this case, and the same being an unconditional contract in writing, judgment is rendered," etc. The notes were of dates subsequent to the adoption of the act of 1900 as to notice of intention to sue for attorney's fees; and the record is silent as to such notice. The judgment was rendered in March, 1904; and in January, 1905, the defendant filed a motion to set it aside, one of the grounds of which was as follows: "Because said judgment directs the recovery of $227.14 as attorney's fees, when there is nothing in the proceedings which could possibly authorize any judgment for attorney's fees, under the law of Georgia." The parties having agreed that the court, without the intervention of a jury, should pass upon this motion, the judge heard evidence, consisting of the record of the proceeding in which the judgment in question was rendered, and overruled the motion. The movant excepted.

*Lumpkin & Wright,* by *John M. Graham,* for plaintiff in error cited: Acts 1900, p. 53; *Ga. R.* 122/606; 120/19; 116/317; 84/-53 (1); 3 *Ga. App.* 296; Civil Code, §§5364-65; *Ga. R.* 116/872 (5a); 112/94-95.

*R. M. W. Glenn* and *James P. Shattuck,* contra, cited: Civil Code, §3667; 94 *Ga.* 562.