### 4732. SMITH v. KNOWLES.

1. Under the act creating the city court of Floyd county (Acts 1882-3, p. 538), service of petition and process is required to be made ten days before the term to which the same is returnable, and ordinary suits stand for trial at the second term, as in the superior court.

2. "A judgment valid in other respects will not be set aside as void because it adjudges that the plaintiff recover, in addition to the principal sum and interest, a named amount as attorney's fees." *Shahan* v. *Myers*, 130 *Ga.* 724 (61 S. E. 673); *Latimer* v. *Sweat*, 125 *Ga.* 477 (54 S. E. 673). A general motion to set aside a judgment as a whole, upon the ground that the judgment is void, when in fact it is only in part void, is so much too broad that it should be overruled; and especially is this true when, prior to the motion to set aside, the only error in the judgment has been corrected.

DECIDED MAY 20, 1913.

Motion to set aside judgment; from city court of Floyd county— Judge Reece. January 27, 1913.

Knowles brought suit in the city court against Smith on two promissory notes. No defense was filed. On the call of the appearance docket the case was entered in default, and judgment was thereafter taken, September 25, 1912, as in cases of default on unconditional contracts in writing, and was signed by the judge of the city court. This judgment included attorney's fees. On November 1 the defendant made a motion to set aside the judgment, upon the grounds: (1) that it appeared from the record that the service of the petition and process was made less than 15 days prior to the return term of the court, and (2) that, this being true, the September term, 1912, of said court, was only the return term, and the court had no jurisdiction at this term to render a judgment in favor of the plaintiff. On the same day the judge issued a rule requiring the plaintiff to show cause why the judgment should not

be set aside. On November 26, 1912, upon motion of attorneys for the plaintiff, and before adjournment of the term at which the judgment was rendered, the court passed an order directing the plaintiff to write off the attorney's fees included in this judgment. On December 2 the judge passed an order superseding the judgment until a disposition of the motion to set it aside, and on December 16 the movant amended his motion by setting up that the judgment improperly included ten per cent. attorney's fees, and further that the judgment is void because the judgment by default was signed by plaintiff's attorneys.

*M. B. Eubanks,* for plaintiff in error.
*Dean & Dean, J. M. Hunt,* contra.

RUSSELL, J. (After stating the foregoing facts.)

We need say nothing more, as to the complaint that the plaintiff's attorney signed the judgment by default, than that the judgment was signed by the presiding judge. That is the important point; and the question as to whether the plaintiff's attorney did or did not sign it is wholly immaterial. The signature of the plaintiff's attorney may be treated as surplusage, but it certainly can not, in any respect, vitiate the judgment. The court did not err in overruling the motion to set aside the judgment upon any of the grounds stated therein or in the amendment thereto.

1. There is no merit in the objection that the defendant was served less than fifteen days prior to the return term of the court; and, this being true, the second ground of the motion (in which it is insisted that the term at which the judgment was rendered was only the return term), of course, falls with the first ground. In suits upon promissory notes in the city court of Floyd county the petition and process need only be served ten days before the appearance term of court. Section 8 of the act creating that court (Acts 1882-3, p. 538) provides that "in civil cases the original petition shall be filed in the clerk's office at least fifteen days before the term at which it is returnable, and if filed within fifteen days the clerk shall make the same returnable to the next succeeding term thereafter. The service of the process shall be made ten days before the term to which the same is made returnable." It is insisted that the clerk could not make this suit returnable to the June term, 1912, because the petition was not filed 15 days before the first Monday in June. The point made is that, as the petition

and process were not served as much as fifteen days before the first Monday in June, 1912, the case was not properly returnable until the September term 1912. If the petition was *filed* fifteen days before the first Monday in June, 1912 (and this is not denied), ten days' service was all that was necessary; and this requirement of the law was fulfilled, as appears from the movant's own petition to set aside the judgment. Consequently the case was in default at the June term, 1912, and stood for trial in September, 1912, the term at which the judgment by default was entered. The act referred to provides that "ordinary suits shall stand for trial at the second term, as in the superior court."

2. The only remaining ground of the motion, then, is the insistence that the judgment be set aside because it included attorney's fees. As to this point, it seems that the plaintiff's attorneys discovered this defect before the movant did, and upon their motion the court corrected the judgment in this respect, before his attention was called thereto by the movant. Upon the plaintiff's motion the presiding judge, on November 26, 1912, directed that the attorney's fees be stricken from the judgment; and the movant's amendment, asking that the judgment be set aside upon that ground, was not allowed until December 16 thereafter. However, this is immaterial, as, under the ruling of the Supreme Court in *Shahan* v. *Myers,* 130 *Ga.* 724 (61 S. E. 673), the court could have ordered the attorney's fees stricken from the judgment, or written off, and should not, unless the judgment was void, have set aside the judgment as a whole, even if the attention of the court had been for the first time directed to this error in the judgment by the movant himself. A judgment valid in other respects will not be set aside as void because it adjudges that the plaintiff recover, in addition to the principal sum and interest, a named amount as attorney's fees. *Shahan* v. *Myers,* supra. A general motion to set aside a judgment as a whole, upon the ground that the judgment is void, when in fact it is only in part void, is so much too broad that it should be overruled; and especially is this true when, prior to the motion to set aside, the only error in the judgment has been corrected. As was said by Judge Lumpkin in *Latimer* v. *Sweat,* 125 *Ga.* 477: "The entire judgment was not void, and therefore the motion to set it aside as a whole failed."

The defendant in error asks the award of damages as for a friv-

olous appeal, and this writ of error is to our mind so wholly un, necessary and so palpably without merit (when the learning and ability of the counsel who prosecuted it are considered) that we can only attribute it to a desire for delay; and damages are accordingly awarded.                    *Judgment affirmed, with damages.*