### 8000, 8427.　APPERSON *v.* MUTUAL FERTILIZER COMPANY; and *vice versa.*

Judgment at the first term, in a suit on an unconditional contract in writing, where no defense has been filed, may be rendered in the city court of Ashburn, under the act creating that court, as amended (Acts 1908, p. 111). Where suit was brought in that court on a past-due promissory note, unconditional except as to attorney's fees, which were not sued for, and the suit included the amount of two like notes, which on their face were, not yet due, but which, it was alleged, became due under a separate written contract on default as to payment of the first note, and the court at the appearance term rendered a judgment for the aggregate amount sued for, reciting that no issuable defense had been filed and that the judgment was rendered on proof submitted, it was not void as to the amount due on the first note, though irregular in including the amount of the other notes; and the court did not err in overruling a motion to set it aside as a whole, made nearly three years after the date of the judgment, and attacking it as entirely void because rendered at the first term.

DECIDED JUNE 14, 1917.

Motion to set aside judgment; from city court of Ashburn—Judge Tipton. December 4, 1916.

*A. S. Bussey,* for plaintiff in error, cited: Acts 1906, p. 150; Acts 1908, p. 112, sec. 5; *Sanner* v. *Sayne,* 78 *Ga.* 467, 470; *Dye* v. *Garrett,* 771; *Searcy* v. *Tillman,* 75 *Ga.* 504; *Welch* v. *Siggleton,* 95 *Ga.* 519 (2); Park's Annot. Code, §§ 4358, 5958, 5962; *Kelly.* v. *Strouse,* 116 *Ga.* 884.

*John B. Hutcheson,* contra, cited: *Jewell* v. *Martin,* 121 *Ga.* 325; *Phillips* v. *Taber,* 83 *Ga.* 572; *Shahan* v. *Myers,* 130 *Ga.* 724; *Smith* v. *Knowles,* 12 *Ga. App.* 715 (2); *Latimer* v. *Sweat,* 125 *Ga.* 477; *Pryor* v. *American Trust &c. Co.,* 15 *Ga. App.*

·832 (2) ; *Kellam* v. *Todd,* 114 *Ga.* 981 (1) ; *Dortic* v. *Lockwood,* 61 *Ga.* 293 (1) ; Hollinger v. Reeves, 138 Ind. 363 (L. R. A. 46, 48) ; Civil Code (1910), § 4854; *Haskens* v. *State,* 114 *Ga.* 837-8; *Chapman* v. *State,* 116 *Ga.* 599; *Malsby* v. *Studstill,* 127 *Ga.* 726; Civil Code (1910), § 5958; *Garfield Oil Mills* v. *Stephens,* 16 *Ga. App.* 660.

BLOODWORTH, J. The Mutual Fertilizer Company brought suit to the January term of the city court of Ashburn, in 1914, on three promissory notes, the aggregate amount of which was $860.18. Only one of the notes was due when suit was filed, but the plaintiff alleged a separate agreement in writing which stipulated that, should default be made in the payment of any one of the notes when due, then the entire indebtedness should become due and payable. No plea was filed. At the first term of the court the following judgment was taken: "There being no issuable defense filed on oath in the above-stated case, and plaintiff having submitted proof, judgment is rendered by the court in favor of the plaintiff, the Mutual Fertilizer Company, a corporation, and against the defendant, S. M. Apperson, for $861.18, principal, $18.35 interest, and all future interest at rate of 8 per cent., and————attorney's fees, and————cost of suit." During the November term, 1916, Apperson made a motion to set aside the judgment, alleging that it was not based on an unconditional contract in writing, and that it was rendered by the court without a jury and for an amount in excess of $200. Section 5 of the act of 1908 (Acts 1908, p. 111) amending the act creating the city court of Ashburn is as follows: "Be it further enacted by the authority aforesaid, that in all civil cases where the principal sum involved does not exceed two hundred dollars, and in all cases where suit is filed upon an unconditional contract in writing, and where no defense is filed at the appearance term, the plaintiff shall be entitled to make out his case and have judgment thereon at the first term, or to have default judgment at said term of court."

1. The court had jurisdiction of the person and of the subject-matter; and although the judgment was irregular, it was not wholly void. The first note was an unconditional contract as to the principal and the interest, which alone were sued for, there being no attempt to recover attorney's fees. While the words "attorney's fees" appear in the judgment, no amount of fees is

named, a space appearing where the amount should have been inserted if the pleadings and the proof had authorized a judgment for such fees; and it is not to be regarded as a judgment for attorney's fees; indeed, no question is raised as to this. No defense being filed, judgment on the unconditional contract contained in the past-due note could properly be rendered at the first term, under section 5 of the act of 1908, quoted above; and the judgment was not invalid as to the principal and the interest due on that note. The motion to set aside the judgment, however, attacks the whole judgment. "A general motion to set aside a judgment as a whole, upon the ground that the judgment is void, when in fact it is only in part void, is so much too broad that it should be overruled." *Smith* v. *Knowles*, 12 *Ga. App.* 715 (2) (78 S. E. 264); *Shahan* v. *Myers*, 130 *Ga.* 724 (2) (61 S. E. 702). The defendant waited nearly three years before filing his motion, and gave no reason for his delay. Under such circumstances the court did not err in refusing to set aside the judgment.

2. "A cross-bill of exceptions must be tendered to the trial judge within thirty days from the date of the service of the principal bill of exceptions." *Roberts* v. *Northwetsern National Life Insurance Company*, 143 *Ga.* 780 (3) (85 S. E. 1043).

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. Broyles, P. J., and Jenkins, J., concur.*