## APPERSON et al. v. MUTUAL FERTILIZER CO.

After a judgment at law a party can not, by original bill, avail himself of a relief which he might have had pending the action. Where a judgment at law is void for reasons appearing on the face of the record, and the remedy at law is adequate, complete, and available, equity will not afford relief. Accordingly, the petition was properly dismissed on general demurrer.

No. 732. JUNE 13, 1918.

Equitable petition. Before Judge Meldrim. Chatham superior court. November 26, 1917.

S. M. Apperson and A. H. Henderson filed an equitable petition against the Mutual Fertilizer Company. Briefly stated, the material facts disclosed by the petition are as follows: The fertilizer company sued Apperson in the city court of Ashburn, and garnished Henderson. Judgment by default for $906.84 was rendered against Apperson at the first or appearance term of the case; and the garnishee having failed to answer, a judgment was rendered against him at a subsequent term of the court. Henderson was not indebted to Apperson, and had no money or effects in his hands belonging to Apperson; and the real purpose of the petition is to relieve Henderson from the judgment. Apperson, so far as the petition discloses, is indebted to the fertilizer company in the

amount of the judgment; but it is insisted that the suit against him was upon three promissory notes, one of which matured October 15, 1913, and was by its terms due when suit was filed. The other notes were due November 1, 1913, and November 15, 1913, respectively. The suit was filed October 25, 1913, and was made returnable to the January term, 1914. The petition alleged, however, that the three notes were given pursuant to a contract between the fertilizer company and Apperson, which contract contained a provision to the effect that in case default should be made in the payment of any of the notes the entire indebtedness created by said contract should at once become due and payable. Apperson was duly served, but made no appearance in the case and filed no plea or answer. The city court of Ashburn was without jurisdiction to render the judgment at the first term. Under section 5 of the act of 1908, amending the act establishing the city court of Ashburn (Acts 1908, p. 111), the power to render final judgments is limited to civil cases where the principal sum involved does not exceed $200, and to cases where suit is filed upon unconditional contracts in writing, and where no defense is filed at the appearance term. The suit against Apperson was not upon an unconditional contract in writing, and the judgment against Apperson is therefore "illegal and void." The judgment against Henderson is also "illegal and void," because the garnishment affidavit served upon him, and to which he made no answer, was dated October 24, 1913, the day previous to the entry of filing of the main suit of the fertilizer company against Apperson, and because service was not perfected against Apperson in the main suit until October 31, 1913. The summons of garnishment was served upon Henderson on October 25, 1913, but the garnishment bond does not show in what county it was executed, and is signed "Mutual Fertilizer Co., by John B. Hutcheson, their atty.," and a named security. No amendment was offered, correcting the mistakes and supplying the omission in the garnishment affidavit and bond, if a mistake in fact existed, before final judgment against the garnishee. The petitioners prayed, that the sheriff of Turner county, who was made a party, be enjoined from selling certain property of Henderson, advertised for sale under the execution issued upon the judgment, on the first Tuesday in December, 1916; for a decree setting aside the judgment of the fertilizer company against

Apperson; for a decree setting aside the judgment against the garnishee, Henderson; for process, and for general relief. A general demurrer to the petition, interposed by the fertilizer company, was sustained, and the plaintiffs excepted.

*Arthur S. Bussey* and *J. Gordon Jones,* for plaintiffs.

*John B. Hutcheson,* for defendant.

GEORGE, J. (After stating the foregoing facts.) The plaintiffs treat their petition as a bill of review. A technical bill of review does not lie in this State, but a bill in the nature of a bill of review does lie. *Brower* v. *Cothran,* 75 *Ga.* 9 (2 *a*). A bill in the nature of a bill of review lies only to review a decree of a court of equity, and not a judgment at law. *Donaldson* v. *Roberts,* 109 *Ga.* 832 (35 S. E. 277). Where such a bill is proper, it must affirmatively appear that the petitioner could not, by due diligence, obtain the just and needed relief by motion. *Central Georgia Bank* v. *Iverson,* 73 *Ga.* 19; *Donaldson* v. *Roberts,* supra. Every infirmity in the judgment against Apperson and in the judgment against Henderson appears upon the face of the record. A motion in arrest of judgment was therefore an available remedy. If the judgments are illegal and void, as alleged in the petition, affidavit of illegality was a proper remedy to resist the enforcement of the execution. *Harrell* v. *Davis Wagon Co.,* 140 *Ga.* 127 (78 S. E. 713); *Williams* v. *Hinson,* 143 *Ga.* 740 (85 S. E. 868). The petition in the instant case, as we have indicated, is not in reality a bill in the nature of a bill of review, but is a petition to set aside a common-law judgment. What we have said above applies with equal force to the petition when so considered. Equity will not relieve against a judgment if the defendant has an available, adequate, and complete remedy at law. The matters and things set forth in the petition as reason for interference with the judgments could have been pleaded in the city court of Ashburn, because all of them were apparent on the face of the record, and may now be urged by an affidavit of illegality if they possess any legal efficacy. Indeed they have been urged by the plaintiffs in error and determined adversely to them by the Court of Appeals. *Mutual Fertilizer Co.* v. *Henderson,* 18 *Ga. App.* 495 (89 S. E. 602); *Apperson* v. *Mutual Fertilizer Co.,* 20 *Ga. App.* 209 (92 S. E. 1029). The petition, which was dismissed on demurrer, does not refer to these cases; and we refer to the decisions by the

11

Court of Appeals for the reason that we have in this case been asked to review and overrule them. We of course have no power in this proceeding to review the decisions by the Court of Appeals; but we cite them merely for the purpose of showing that complete and adequate remedies at law were available to the plaintiffs, and that they well understood the nature and character of these remedies. In *Sanner* v. *Sayne,* 78 *Ga.* 467 (2) (3 S. E. 651), a case very much like the case made in behalf of Apperson in the present record, it was ruled: "The defects alleged to exist in such judgment appear on the face of the record and pleadings, and a motion in arrest of judgment was the proper remedy to correct these defects." See also *Dye* v. *Garrett,* 78 *Ga.* 471 (3 S. E. 692); *Rodgers* v. *Caldwell,* 112 *Ga.* 635, 637 (37 S. E. 865, 866); *Howard* v. *Wellham,* 114 *Ga.* 934 (41 S. E. 62). While the position of the plaintiffs, especially of Henderson, the garnishee, may be an unfortunate one, nevertheless the judgment sustaining the demurrer and dismissing the petition must be affirmed.

*Judgment affirmed. All the Justices concur.*