WESTBERRY, administrator, *v.* REDDISH *et al.*

No. 9726.   DECEMBER 16, 1933.

*W. D. Turner, M. Price,* and *Gibbs & Symmes,* for plaintiff in error.

*Raymond Pierce* and *Highsmith & Highsmith,* contra.

RUSSELL, C. J.   Aside from the mere reference to the evidence, no brief of the evidence in the trial before the jury was incorporated in or attached to the application for review.   In view of this fact, it is manifest that this court can only proceed upon the presumption that the judge of a court of competent jurisdiction had before him all necessary evidence to authorize the decree or judgment rendered.   Neither could the court below nor can this court on review know what the evidence really was, unless it was

reduced to writing and submitted to the trial judge, who must first approve the transcript of the evidence in order to so certify it to this court as to enable us to consider it. "In every legal investigation and trial, the appropriate application of the law depends upon the facts as disclosed by the evidence. Where no evidence is transmitted to this court, it must be generally assumed that the law applied by the lower court was applicable to the evidence, and the judgment of the trial court must be affirmed." *Voyles* v. *Federal Land Bank of Columbia,* 173 *Ga.* 844 (162 S. E. 106), and cit. The principle just stated is controlling as to the propositions insisted on by plaintiff in error, the merits of which are dependent upon an examination of the evidence. It is plain that no question is presented in the petition in the nature of a bill of review which could not have been made the basis of direct exception to the decree, and have been reviewed by direct bill of exceptions to this court. Hence, the first question that presents itself is whether or not the plaintiff in error, not having filed a bill of exceptions within the time required by law, can now raise the same questions in a bill of review after such time has expired, without presenting any excuse for the failure to file such bill of exceptions, or showing that new facts have arisen since the trial of the case.

How far can a bill of review go in deciding whether the decree of which complaint is made exceeds the finding of the jury as embodied in the verdict? It seems to us that as to administrative matters necessarily included in the decree which the chancellor is authorized to mold, to effect adequate and complete relief, what is to be done in each particular case must ordinarily be a matter within the sound legal and equitable discretion of the chancellor. To use the case at bar as an illustration, it is conceded that the jury found for the plaintiffs and set aside the sale which had been made by the administrator. Upon this finding on the facts the court was obliged to decree that the sale was void, and adjudge that any deed in pursuance of the sale should be canceled accordingly; and this threw the realty back into the lap of the court for disposition of some kind. A court of equity has concurrent jurisdiction with the court of ordinary; and in this case the court assumed jurisdiction for the purpose of decreeing the sale to be void, not on account of any breach of duty of the court of ordinary, but on account of fraud on the part of the administrator in obeying the mandate

to sell in a manner which was in fraud of the petitioners, and disastrous and subversive of their rights. We know of no rule which would have required the chancellor to return the case to the court of ordinary. There was no suggestion on the part of the administrator or the other parties that this should be done. The court of equity having assumed jurisdiction, it was proper for it to dispose of the property, so as to divide it among those entitled thereto, to the best advantage. So we are of the opinion that the appointment of commissioners in the endeavor to partition the land was within the scope of the verdict; and likewise the direction to the commissioners that if the land could not be equally divided they should report back to the court for further directions. The same is true as to the provision for attorneys' fees. All parties had notice of the fact that attorneys' fees were asked for, and it must be assumed that the judge had evidence of some kind before him to authorize the amount awarded to the attorneys. It seems to be a settled rule, supported by eminent authorities, that a bill of review will not be sustained unless some good reason is shown why the judgment sought to be set aside should not have been rendered. We find no reason, except the one to which we have referred, or the one to which reference will be made hereafter.

Now that exceptions to final decrees can be had in actions in equity as well as strictly legal causes, the former use of the bill of review is greatly restricted. However, as pointed out by Judge Clarke in *Central Georgia Bank* v. *Iverson, 73 Ga.* 19, 23, "The allowance by statute (Code, § 4211) of motions for new trial in equity causes does not supersede bills of review," and instances are given in which a bill of review might be an appropriate remedy. But it was said further, in the *Iverson* case, "that neither a bill for a new trial, nor a bill for review against a verdict will be entertained, unless some satisfactory cause be shown why the complainant could not, with proper diligence, get the just and needed relief by motion. *27 Ga.* 469; 55 *Id.* 667; 38 *Id.* 174; 39 *Id.* 678; 56 *Id.* 222, 263." In *Brower* v. *Cothran, 75 Ga.* 9, it was said: "A motion for new trial will lie in this State to a decree rendered in an equity case, and as a remedy it is as complete as a motion for new trial at law. Code, § 4211. It is more full and complete as a remedy than a bill for review, in that it reaches all errors of law committed by the court, as well as errors of fact committed in the

finding of the jury. A bill of review can only reach such errors as are apparent upon the record. We think that, since the practice of allowing motions for new trial in equity cases was adopted in this State, it is necessary for a bill of review to contain some allegations of facts which have been discovered since the trial, which will show that the decree was improperly rendered, and of which the party was ignorant, and which he could not have discovered by the use of diligence at or before the trial of the cause, or some new matter which intervened between the trial and the filing of the bill which will authorize the re-opening of the cause. These allegations must be as strong as are required to be embraced in a bill to set aside a judgment at law and for the grant of a new trial. The same remedies by motion for new trial existing in cases at law and in equity, they stand on the same footing; hence we think that a technical bill of review does not lie in this State, but the same must be a bill in the nature of a bill of review. . . In looking at the record of this case, we fail to discover any errors therein. The bill, answers, and exhibits thereto, and the verdict of the jury rendered in the case, authorized the decree which was rendered in this case. Whether the jury found right or wrong upon the evidence submitted, or whether the court erred in his instructions to the jury, which may have led them to make the verdict which they did in this case, can not be considered upon a bill for review. If the decree is sustained by the pleadings and verdict of the jury, this is sufficient, and there must be an end of the review."

We are of the opinion, that, in all the points in which corrections of the original decree are suggested by the present bill in the nature of a bill of review, the verdict was authorized by the pleadings, and the decree did not go beyond the power conveyed to the court by the verdict. The petition asked that commissioners be appointed to partition the land in case the sale was set aside; it asked for allowance of attorneys' fees, and that the cost of court be laid upon the defendants. Why, then, should the decree be reviewed? The trial was had in a court of equity, and the powers of a judge of the superior court, acting as chancellor, are not severely restricted in molding decrees by technical rules which seek to place the court in a straitjacket while he is exemplifying and putting in effect the benevolent principles of equity in so molding his decree as to render adequate and complete justice. The fact that the de-

fendants and their counsel did not ascertain the contents of the decree for three or four weeks after it was entered upon the minutes is immaterial, for by the exercise of greater diligence they might have sooner become informed. There is no merit in the complaint as to the matter of accounting; for the jury did not make an accounting, or a finding upon an accounting in their verdict, and the decree is silent upon that subject. In reference to the grant of attorneys' fees, to which the plaintiffs in error object, the case at bar is not dissimilar to that of *Booth* v. *Mohr*, 125 *Ga.* 472 (54 S. E. 147), where a petition in the nature of a bill of review was filed, and the reasons assigned for asking the relief were, (1) that no claim for attorneys' fees was made (while in the case at bar attorneys' fees were asked), (2) that the jury returned no finding in their favor upon which an allowance of attorneys' fees could be based, (3) that the award thereof by the court in its decree was without notice to either the defendants or their counsel, and (4) that they had no knowledge that an allowance of $350 as counsel fees was embraced in the decree until after the adjournment of the term of court at which it was rendered. In deciding that the petition should not be allowed, this court held: "The court had jurisdiction of the parties and of the subject-matter; and if the court erred in decreeing counsel fees to the moving creditors, the judgment was merely erroneous, not void. . . 'Where a decree in equity has been before the Supreme Court on a writ of error, and the judgment of the court below affirmed, a bill of review will not lie to reverse such decree for error apparent on the face thereof.' *Rice* v. *Carey*, 4 *Ga.* 558. A judgment or decree is the final result of a case, and its pronouncement necessarily follows the verdict. The losing party is bound to know that a decree will be entered upon the verdict, and no notice is required to be given him before it is signed by the judge. At his peril he must follow up this last incident of the trial, and inform himself of the court's judgment on the verdict. If the decree be erroneous, his remedy is to except to it and have it reviewed. If he negligently fails to inform himself of the nature and extent of the decree, or, having knowledge of its terms, fails to avail himself of the proper remedy to correct any erroneous provision therein, he is bound by the decree as rendered. By his failure to properly except to the decree, all matters therein adjudicated become res adjudicata."

A decree in equity may amplify the verdict, and be so molded as to meet the exigencies of the case so as to give complete relief. Civil Code (1910), § 5426. In *Wheeler* v. *Horne,* 136 *Ga.* 486 (71 S. E. 901), the plaintiff brought suit against the administrators of an estate, praying that she be declared to be an heir of the estate and entitled to a distributive share; and for an accounting. The jury found the following verdict: "We, the jury, find that plaintiff, Mrs. Florence Horne, is a child of Charles Wheeler and entitled to an equal share of the Charles Wheeler estate." Decree was rendered upon this verdict, and the plaintiff declared to be a child of the intestate and entitled to an equal share with the other heirs of the estate, that the case be kept open for the purpose of determining the number of heirs and the amount to which the plaintiff was entitled, and to give the administrators time to reduce the remaining assets to cash; that the administrators advance to the plaintiff an amount equal to the advances made by them to the other children and charge the same to her distributive share; that they proceed at once to reduce the outstanding estate to cash, and account to and pay over to the plaintiff a child's part of the estate; that they file to the next term of the court a report showing the true condition of the estate; and that the case be kept open for a full and proper accounting by the administrators to the plaintiff as to her share of the estate. This decree was excepted to on the ground that it was not warranted by the pleading or the verdict in the case. This court held that "the granting of this decree was not error 'because the same is not warranted by the pleading or the verdict in said case, and leaves said case still open for further trial after a full and final trial on all the issues involved in the pleadings in said case.'" We are of the opinion that the court, having taken jurisdiction of the instant case for the purpose of setting aside the sale, did not err in retaining it for the purpose of decreeing that it should be kept open for other orders of the court in carrying out the decree. We do not think the court erred in refusing to review or amend the decree.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*

Beck, P. J., and Atkinson, J., concur in the judgment, but not in all that is said in the opinion or in the headnotes.