19054. BREGMAN *v.* ROSENTHAL.

HAWKINS, Justice. The petition in this case seeks the specific performance of a contract alleged to have been entered into by correspondence between counsel for the parties. Upon the trial there was an agreement by the parties that the jury would render a verdict simply for the plaintiff or for the defendant on the question of whether the plaintiff was entitled to specific performance of the alleged contract, and that the court should mold its decree and judgment accordingly. The jury returned a verdict in favor of the plaintiff, and the court thereafter entered its decree. The defendant excepts to the decree entered by the court on the ground that it does not follow the pleadings and the evidence in the case ; to the judgment denying the defendant's motion to vacate and set aside the verdict in favor of the plaintiff in accordance with the defendant's motion for a directed verdict, made at the close of the evidence in the case ; and to the judgment denying his motion for a new trial, based on the general grounds and three special grounds. *Held:*

1. While an oral motion to dismiss a petition upon the ground that it fails to state a cause of action is in the nature of a general demurrer, and the effect of an order denying such a motion is the same as one overruling a general demurrer (*Kanes* v. *Koutras*, 203 *Ga.* 570, 573, 47 S. E. 2d 558; *Gibbs* v. *Forrester*, 204 *Ga.* 545, 50 ʻS. E. 2d 318; *Pearson* v. *George*, 209 *Ga.* 938, 946 (3), 77 S. E. 2d 1), and when unexcepted to becomes the law of the case (*Pierpont Mfg. Co.* v. *Mayor &c. of Savannah*, 153 *Ga.* 455 (1), 112 S. E. 462; *Dye* v. *Alexander*, 195 *Ga.* 676, 25 S. E. 2d 419, and cases there cited)—where, as in this case, the record is silent as to the ground of the defendant's motion to dismiss or as to what legal question was passed upon by the trial court in denying the motion, this court is unable to apply the law of the case as fixed by such judgment, since the record fails to disclose what question the ruling of the trial judge adjudicated.

2. What the defendant designated as a motion to set aside the verdict in accordance with the defendant's motion for a directed verdict seems to be a new procedure in this State, and as yet not authorized, although included in a proposed bill to revise after trial procedure published in the August, 1955, Georgia Bar Journal, Vol. 18, No. 1, pp. 63, 67. If by this motion the defendant seeks to review the refusal of the trial judge to direct a verdict for the defendant in accordance with his motion, then it is without merit, for it is never reversible error to refuse to direct a verdict. *Yancey* v. *O'Kelley*, 208 *Ga.* 600, 603 (3) (68 S. E. 2d 574). If this motion be treated as a motion for judgment not withstanding verdict, then it and the general grounds of the motion for a new trial are without merit. Plaintiff's petition alleged that the contract sought to be specifically performed consisted of correspondence between the counsel of the parties, whereby the defendant, by letter dated April 30, 1954, offered to purchase the interest of the plaintiff in a described business at and for a stated price, but, if the plaintiff did not desire to sell, offered to sell to the plaintiff the defendant's interest in the business, this offer being as follows: "If Rosenthal does not care to sell his stock, Petty will sell his stock to Rosenthal on the same basis. Petty's total investment in the stock, including the loan, will amount to $19,514.85. A profit of $5,000 should be added to this figure, making a total of $24,514.85. I am enclosing herewith the data on which these figures are based." The data therein referred to and which was enclosed with this letter showed that the sales price of $24,514.85 was made up of and included the following items: "Petty Bregman investment $5,056.96; loan $8,318.95," making a total of $13,375.91. "Sam Bregman loan $6,138.94." "Total investment and loans for Petty and Sam Bregman $19,514.85. Profit $5,000. Sales price $24,514.85." The plaintiff's acceptance of this offer to sell by the defendant was by a letter dated May 10, 1954, in the following language: "This is to advise that my client, Jacob Rosenthal, does hereby accept the offer set forth in your letter of April 30, 1954, to purchase all of the interest of Petty and Sam Bregman in South Bend Liquor Store, Inc., including all corporate stock owned by Petty Bregman, the investment account stock owned by Petty Bregman, the investment account carried in the name of Petty Bregman and the promissory notes held by Petty and Sam Bregman, for $24,514.85." This

correspondence was introduced in evidence by the plaintiff and was admitted without objection. Construing the defendant's offer to sell in connection with the data therein referred to and enclosed with the letter, and which therefore formed a part of the offer (*McCreary* v. *Gewinner*, 103 *Ga*. 528, 533, 29 S. E. 960), the acceptance of the offer by the plaintiff was unequivocal, and without condition or variance, so as to constitute a valid contract. Code §§ 20-101, 20-108, 20-114; *Gray* v. *Aiken*, 205 *Ga*. 649 (54 S. E. 2d 587), and cases there cited.

3. Having held that the offer to sell contained in the letter of April 30, 1954, including the exhibit attached thereto and referred to therein, and the acceptance thereof by the letter of May 10, 1954, constituted a valid and enforceable contract, the admission of the evidence complained of in special ground 1—to the effect that the attorney for the defendant did not, after receipt of the letter of May 10, 1954, make any representation as to whether or not he considered that acceptance binding—and the charge of the court complained of in special ground 3, as to the presumption arising from a failure to answer a letter within a reasonable time where good faith requires an answer (Code § 38-120), even if erroneous, would not require the grant of a new trial.

4. The request to charge set out in special ground 2 of the motion for a new trial was not properly adjusted to the pleadings and the evidence. The petition sought no affirmative relief as to Sam Bregman, and it would have been error to instruct the jury, as requested, that the plaintiff could not recover as against the defendant unless the defendant was legally empowered to represent Sam Bregman in a sale of the latter's interest in the corporation. The undisputed evidence discloses that Sam Bregman owned no interest in the corporation, but was merely a creditor thereof.

5. On the trial of this case it was agreed that the jury would render a verdict simply for the plaintiff or for the defendant, and that the court should mold its judgment and decree accordingly. The decree entered by the court is excepted to upon the ground that it does not follow the pleadings and the evidence in the case, in that: (a) It requires the plaintiff to pay as consideration for the specific performance of the contract only a portion of the consideration set forth in the pleadings and revealed by the evidence; (b) it requires the defendant to deliver to the clerk of the court a written instrument divesting himself of any and all interest and equity he may own in stock of the corporation standing in the name of a third person; and (c) it adjudicates the rights of Sam Bregman, who was never served as a party in the case. We have carefully examined the decree, and the exceptions thereto are without merit. The decree requires payment by the plaintiff of the exact amount fixed as the purchase price in the defendant's offer to sell. The offer to sell included the defendant's "total investment in the stock" of the corporation; and while the decree provides that a portion of the purchase price shall be applied to the retirement of the indebtedness to Sam Bregman, this was in accordance with the offer to sell by the defendant. The decree simply provides that the amount of this indebtedness be deposited by the plaintiff with the clerk of the court, to be paid by him to the defendant or to the creditor upon the surrender of the evidence of indebtedness. In *Westberry* v. *Reddish*, 178 *Ga*. 116 (3) (172 S. E. 10),

this court said: "In molding a decree upon the jury's verdict upon the facts, the chancellor has a very broad discretion in determining what steps shall be taken to secure the enforcement of the rights awarded by the verdict, to the end that equity may afford adequate and complete relief. This discretion will not in any case be controlled unless it is manifest there has been an abuse of discretion in a material matter. The decree in the case at bar, in our opinion, manifests the exercise of a wise discretion." What is there said applies with equal force to the decree in the instant case. See also Code § 37-1203.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1955—DECIDED OCTOBER 13, 1955—
REHEARING DENIED NOVEMBER 15, 29, 1955.

*Cohen, Roberts & Kohler, B. Hugh Burgess,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins, Samuel L. Eplan,* contra.