EAGLE MANUFACTURING COMPANY, plaintiff in error, *vs.*
CHARLES WISE, defendant in error.

The failure to join, as plaintiff, in a suit, a joint contractor, who, as appears by the declaration, has no real interest as such plaintiff, is not a ground for arresting a judgment.

When there was a contract made, in September, 1864, to deliver to plaintiff certain cotton at the end of the war between the United States and the Confederate States, or at any time agreed upon by the parties, and the declaration alleged that no other agreement had been made, that the war had long since closed, that he had made a demand in May, 1866, and the plea set forth, that at the close of the war, to-wit, 1st of May, 1865, the defendant tendered to the plaintiff said cotton, which, according to said agreement, was then to be paid, etc., that he had refused to receive it. *Held:* That from the whole record, there appeared sufficient evidence after verdict to sustain the writ, and a motion to arrest the judgment was properly admitted.

Bill of Exceptions. Pleading. Arrest of Judgment. Promissory note. Before Judge WORRILL. Muscogee Superior Court. May Term, 1869.

Charles Wise, in April, 1867, in his own name, sued the Eagle Manufacturing Company, averring that on the 10th of September, 1864, he owned an undivided third in one hundred and seventy bales of cotton (describing the quality) weighing 91,181 pounds (the other two-thirds belonged to William H. Young and the estate of Samuel Cassin, joint owners with him,) and then and there, in consideration that he and the other owners, loaned said cotton to said company, it promised plaintiff and said other owners, to return said cotton in quantity and quality "at the end of the war then existing between the United States and the so-called Confederate States, or at any time agreed upon between the parties;" "although said war has long since ended, and although afterwards, to-wit, on the 1st day of June, 1866, in said county, said plaintiff requested said defendant to return said cotton, according to the promise and undertaking of said defendant, and although the said defendant has delivered to the said Young, and to the said estate, their two-thirds" of said cotton, he refused to return plaintiff his third " either at the

end of said war, or at any other time," and still refuses to do so, to his damage, etc.   By amendment he averred "that said defendant and said plaintiff have never agreed upon any other time for the delivery of said one-third of said cotton, since the making of said contract."   The pleas were the general issue, and the tender of the cotton on the 1st of May, 1865.

In November Term, 1868, there was a trial and verdict for plaintiff for $9,919 80 and costs.   A brief of the evidence was filed, and an order was granted calling on plaintiff's counsel to show cause why a new trial should not be granted, upon the ground stated, that the verdict was contrary to evidence, etc., and that the Court had erred in his charge and certain failures to charge.   This motion was not heard till May Term, 1869, and was then overruled.   Then the defendant's attorney moved to set aside and arrest the judgment, upon the ground that the petition did not contain any sufficient allegations of a breach of the contract therein mentioned and contained no cause of action.   The Court overruled this motion.

The bill of exceptions contained no evidence, but spoke of it as being correctly set out in the motion for a new trial of file.   It assigned as error the overruling of the motion for new trial, on the grounds stated in it, and the overruling of the motion in arrest.

When the cause was called here for argument, counsel for defendant in error objected to any review of the decision as to the motion for new trial, as no point in it was properly resolvable without reference to the evidence, and the bill of exceptions had no evidence in it, or attached to it, and to the hearing of the motion in arrest, because it was made to late. The Court heard the question as to the arrest of judgment, but would not hear the other questions.

H. L. BENNING, for plaintiff in error, said the judgment should have been arrested because the contract was joint and suit was by Wise alone:   Chitty Pl., 7 ; 1 Bos. and Pul., 67, 74; 2 Story, 114-5 ; Irwin's Code, sec. 2888 ; 12 Ga. R., 191. There was no sufficient allegation of breach : Saund. on Pl.

Eagle Manufacturing Company *vs.* Wise.

and Ev., 220; 2 Story on C., sec. 630; Coke on Litt., 147, (*a*); Broom's L. Max, 268, last page. As to construction of the words: Irwin's Code, section 2715, p. 2; Ga. R., 313; Broom's L. Max., 238, 286; 2 Inst. 365.

PEABODY & BRANNON, W. DOUGHERTY, for defendant, as to the arrest, cited secs. 3530, Irwin's Code.

McCAY, J.

This was, 1st, a motion in arrest of judgment, on the grounds that the contract was joint, and that there was no allegation of a breach; 2nd, that the Court erred in various of its charges; 3rd, that the verdict was for more than the case, as made, warranted.

1st. Originally this *was* a joint contract, by the defendant with the plaintiff and two others; but the defendant has severed it, by settling with both of the others in full.' The others have, in fact, no interest now in the contract. If proper parties at all, they would be only nominally such, the suit would be for the sole use of the present plaintiff. Perhaps this might have been a good plea in abatement, though even then, if sustained, the plaintiff could have amended. He would have had *a right* to use the names of his co-obligees, even against their will. But under our law it is not good in arrest of judgment. Section 3529 of the Code provides that no motion in arrest of judgment is good for a defect in the pleadings which could have been amended.

2nd. The principal question made in the argument was, however, that there was no breach of the contract alleged. The contract was to deliver the cotton, "at the end of the war then existing between the United States and the Confederate States, or at any time agreed upon between the parties." The declaration alleged that the war had long since ended, that after the said end, to-wit, on the 1st of June, 1866, he had requested defendant to return the cotton, and that he had then refused, and still continues to refuse. The declaration, also, alleges, that no other time than the end of the war had ever been agreed upon. The plea also sets up, that, at the end of the war, to-wit, on the 1st May, 1865, de-

fendant was ready and willing, and offered to pay said·cotton to plaintiff, which according to said *agreement was then to be paid to him.*

The point of the objection is, that the contract was in the alternative, to pay at the end of the war, or at such other time as the parties might agree upon, and that to make out a breach it must be stated, not only that no other time than the end of the war had been agreed upon, but that the plaintiff had offered to agree to some other time, and defendant had failed or refused to agree. It was also urged that it was necessary to allege an agreement of another time, and a breach of that agreement by the defendant.

This last view of the matter was not much insisted on, as that would amount to making the contract null, since all the defendant would have to do, to get clear of his obligation to return the cotton, would be to refuse to agree to any other time than the time fixed on in the first alternative. For myself I have no difficulty in coming to the conclusion that the parties to this contract meant to say, the cotton should be returned at the end of the war, *unless* they should agree upon some other time. I can see no other motive in fixing a time certain, if the intent was that the parties *should* fix another, or that the plaintiff should offer to fix some other, and defendant refuse.

The view taken of it by the defendant below seems to me to ignore the "end of the war" entirely. Doubtless the parties did intend that there should be some other time, if they or either of them should so demand, and they put this very properly in the agreement, as without that, even if they had, without a new consideration, agreed upon another time, it would not have been binding.

The majority of this Court, however, puts the decision, first, on the ground that, taking the whole record together, to-wit: the declaration and the plea, it is plain that the "end of the war" fulfills the meaning of the contract, as agreed upon in the first alternative, and as covering the second alternative by the assent of both parties, the plea itself saying that *then* was the time when the cotton, by the agreement,

was to be paid, and, second, that the declaration alleges a request by the plaintiff in May, 1866, and that defendant refused.  Here was *another time* offered by the plaintiff and refused by the defendant, and as this was a reasonable time, that is in substance an allegation that plaintiff offered to agree to another time and defendant refused.

As to the verdict, we see no reason to disturb it.  The objections to the charge and to the verdict turn upon the measure of damages.  This was not a promissory note, payable in specifics, but an agreement to deliver cotton.  The price was paid at the time of the contract; and in such cases the measure of damages is the value of the cotton at any time before verdict, if the price is not paid.  If the plaintiff can take the money he *is to pay*, and on the day of the failure go into market and supply himself, many of the authorities say that the measure of damages is the market price on that day; but in the former case, to-wit, if the plaintiff have *paid* the defendant—as he would then have to advance other money to supply himself—the measure of damages is the value of the article at any time on or after the day of the breach.  2 East, 211 ; 2 Taunt, 257 ; Sedgwick on Damages, 262.

With this view of the law, there is no difficulty about the charges of the Court or the verdict of the jury, and we affirm the judgment.