### 3145.    POPE *v.* WILSON.

Where suit is filed in a justice's court upon what purports to be an account, and at the first term the defendant files a demurrer to the action, the court should not, without passing upon the demurrer, give judgment upon the account as if the action were undefended, notwithstanding the account be sworn to and the defendant has not denied its fairness and justness under oath.

DECIDED APRIL 11, 1911.

Certiorari; from Fulton superior court—Judge Bell. October 13, 1910.

*Lowndes Calhoun,* for plaintiff in error.

*John S. Gleaton,* contra.

POWELL, J.　Wilson sued Pope in a justice's court, and his cause of action, as attached to the summons, was stated in the following language: "Atlanta, Ga., Jan. 25, 1910.　C. H. Pope to T. J. Wilson, Dr.　To bal. grocery bill to date, $17.85."　The defendant came in at the first term of the court, and demurred on the grounds that no account was attached to the summons, and that no items or dates appeared on the account attached to the summons, and that the allegation, "grocery bill to date," is not sufficient, as no grocery bill is attached; and that there is no other bill of particulars.　The justice of the peace, upon the call of his docket, held the case to be undefended, as the account was sworn to, and the defendant had not filed the affidavit prescribed by the Civil Code (1910), § 4730.　That section is as follows:　"When suit is brought upon an open account in a justice court, such account may be proved by the written affidavit of the plaintiff, and, when so proved, shall be received in evidence as if proved in open court; nevertheless, if the defendant will file his affidavit denying the justice and fairness of the whole or any part of such account, the court shall not give judgment in favor of the plaintiff for that part of the account so denied and controverted, unless supported by other proof.　In all cases, when such affidavit to prove the account is made, there shall be personal service upon the defendant before judgment is given for the plaintiff under the provisions of this section.　In all cases where a counter-affidavit is filed by the defendant, and the plaintiff is not present, it shall be the duty of the justice of the peace to continue such case until the next term of said court.　Nothing in this section contained shall apply to suits against administrators and executors on contracts of their deceased testators and intestates."

It will be seen, upon an examination of the contents of this section, that it relates to the proof upon the trial of the case, and does not prevent the defendant from relying upon such defenses as can be raised by demurrer.　The effect to be given to the plaintiff's affidavit verifying the account is to render it of the same evidentiary value as if the plaintiff had testified in open court as to the correctness of his account.　But no case is ready for trial on its merits until after such demurrers as have been filed have been disposed of.　In this case, if the court had heard the demurrer, and had decided it adversely to the defendant, the latter still could have filed the counter-affidavit provided by the statute.　We do not know or care

what the facts of the particular case are, as to whether the defendant could or could not conscientiously deny the justice of the plaintiff's account; but it can readily be seen that in many cases a conscientious defendant would be unwilling to file the oath denying the justice of the plaintiff's account until he had first seen the itemized statement, and until he knew exactly what it was that he was denying under oath.

While such a general statement of the plaintiff's cause of action as "to bal. grocery bill to date" might be sufficient to support a judgment as against motion in arrest of judgment, we hardly think it is sufficient as against special demurrer calling for a copy of the account and of the items which constitute it. We think that the law contemplates that the plaintiff shall sue upon his account, and not upon what his books show to be the balance of the account; for these two things are different. The plaintiff, it must be remembered, must by his affidavit verify, not merely that his books show a balance of a stated amount, but that his account is in fact just, due, and unpaid. Let the plaintiff attach a copy of his account, and then, if the defendant does not make the statutory counter-affidavit, it will be time enough to enter up judgment against him as if the account were fully proved by testimony.

*Judgment reversed.*