## 4052. REA *v.* McGAHEE.

Section 6269 of the Civil Code, relating to service of a bill of particulars upon the defendant or his attorney, is a rule applicable only to the superior court and to such other courts as by statute have adopted the practice and procedure applicable to superior courts. The general rule is that amendments to pleadings need not be served upon the opposite party or his counsel; and, there being no statutory requirement to the contrary, this general rule is applicable to justice's courts. The filing in that court of an amendment attaching a bill of particulars is sufficient, although no service of the amendment is made upon the defendant or his counsel.

DECIDED FEBRUARY 18, 1913.

Certiorari; from Fulton superior court—Judge Ellis. January 15, 1912.

In a suit in a justice's court the cause of action was stated in the summons as follows: "an action predicated on an acct. for thirty and 32/100 dollars, besides interest;" and following this was the statement, without date: "W. S. Rea, in acct. with T. F. McGahee. Amt. of acct., $30.32." At the first term, and before pleading, the defendant filed in writing a demurrer and a demand for a bill of particulars. The case was continued, and a bill of particulars was filed in the justice's court, but, so far as appears from the answer of the magistrate, was not served upon the defendant or his attorney; and service was not waived. The defendant did not appear at the trial, and judgment was rendered in favor of the plaintiff. The defendant sought, by certiorari, to set aside the

judgment, and the judge of the superior court overruled the certiorari; holding that the filing of the bill of particulars in the justice's court was a substantial compliance with the law.

*Thomas L. Bishop,* for plaintiff in error.

*Horton Brothers & Burress,* contra.

POTTLE, J. There is no statute requiring that an amendment attaching a bill of particulars in a justice's court shall be served upon the defendant or his counsel. Section 6269 of the Civil Code is a rule of the superior court, and while, under section 4641 of the Civil Code, it has the force and effect of a statute, nevertheless it is applicable only to cases tried in the superior courts and in such other courts as have the same practice and procedure as that which prevails in the superior court. The general rule is that amendments to pleadings need not be served on the opposite party, and the only exceptions to this rule are those specially provided for by statute. Section 6269 of the Civil Code, which requires service upon the defendant of an amendment attaching a bill of particulars, being applicable only to the superior courts and to such courts as have the practice and procedure that prevails in those courts; and there being no statute requiring that such amendments in justice's courts shall be served upon the opposite party, the general rule will be held to apply to such courts. The filing in those courts of amendments attaching bills of particulars is sufficient. There are various statutes which undertake to prescribe the practice and procedure in justice's courts, and it differs in many respects from that prevailing in superior and city courts. In the absence of statutory authority, it can not be held that this particular rule of the superior court, differing from the general rule of practice, is applicable to suits brought in the justice's courts. The certiorari was properly overruled.

*Judgment affirmed. Russell, J., dissents.*