### 7727. Murphy v. Chipley Home Mixture Guano Company.

Bloodworth, J. 1. "Whether a judgment by default will be set aside or not is a question addressed to the sound discretion of the court below, and this court will not, as a general rule, interfere, unless such discretion has been grossly abused." *Lambert* v. *Smith*, 57 *Ga.* 25 (1).

2. The court did not abuse its discretion in refusing to set aside a verdict on the ground set out in the defendant's motion as follows: "The defendant had conversation in December, 1915, with Mr. Henry Reeves, attorney for plaintiff, by the terms of which agreement the above proceedings were to be suspended until after one Will Crawford, who was then present, could see Mr. Tom Wisdom, from whom defendant had been purchasing similar goods to those sued for, and to whom payment had been made for the goods in question, and who was also a member of the firm claiming said indebtedness, for the purpose of having Mr. Wisdom rectify the error in the account sued on; that said Will Crawford was to see Wisdom and have him see defendant, but that before such had been done the court entered default judgment at the same term at which the case was in default;" the purported agreement being denied by the attorney for the plaintiff. Civil Code of 1910, § 6251; *Penn* v. *McGhee*, 6 *Ga. App.* 631 (5) (65 S. E. 686); *Exchange Bank* v. *Elkan*, 72 *Ga.* 197; *Mathews* v. *Bishop*, 106 *Ga.* 564 (2) (32 S. E. 631); *Moore* v. *Kelly & Jones Co.*, 109 *Ga.* 798 (2) (35 S. E. 168).

> *Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*
> Decided March 16, 1917.

Complaint; from city court of LaGrange—Judge Harwell. June 15, 1916.

*Meadors & Wyatt,* for plaintiff in error. *Henry Reeves,* contra.