### 10444. SLATON *et al.* v. HINMAN.

BROYLES, P. J. 1. Where in a suit upon an account a bill of particulars is not attached, and a demand therefor is made by the defendant, and subsequently, by amendment allowed, a bill of particulars is set out, this amendment need not be served upon the defendant; and the plaintiff does not lose a term of the court because the bill of particulars was not attached in the first instance to the account sued on. Section 6269 of the Civil Code has been superseded by section 5628 thereof. *Moore* v. *Hendrix*, 144 *Ga.* 646 (2) (87 S. E. 915); *Rea* v. *McGahee*, 12 *Ga. App.* 326 (77 S. E. 204).

2. It does not affirmatively appear from the petition for certiorari and the answer thereto that the original judgment in favor of the plaintiff was not rendered at the proper term of the court.

3. "An affidavit of illegality can not be used as a substitute for certiorari or other appellate procedure. If the affiant was regularly served with process or voluntarily appeared and pleaded in the main suit, he

can not by his affidavit of illegality assail the judgment because of mere errors of law which took place on the trial." *Arnold-Forrest Horse & Mule Co.* v. *Fleming,* 9 *Ga. App.* 483 (71 S. E. 766).

4. Under the above rulings the trial judge did not err in dismissing the affidavit of illegality.

5. The bill of exceptions contains no assignment of error upon the judgment of the superior court dismissing the traverse to the answer to the petition for certiorari. That judgment, accordingly, will be conclusively presumed to be correct.

6. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed.* *Bloodworth, J., concurs.* *Stephens, J., concurs specially.*

STEPHENS, J. In my opinion a decision of the matters embraced in paragraphs 1 and 2 of the decision in this case is not necessary to a proper determination of the case. I concur in the judgment of affirmance upon the grounds stated in the other paragraphs.

DECIDED JULY 3, 1919.

Certiorari; from Fulton superior court—Judge Ellis. January 24, 1919.

*W. A. James,* for plaintiffs in error.

*H. W. Belfor,* contra.