13369. AMERICAN RAILWAY EXPRESS CO *v.* MILLER MANUFACTURING CO.

Whether the claim against the carrier for the value of the goods shipped and not delivered was made " within four months after a reasonable time for delivery " had elapsed, as required by the contract of affreightment, was, under the facts of this case, a question for the jury, and this court can not as a matter of law hold that there was unreasonable delay in making the claim.

Exceptions to the refusal to grant a nonsuit will not be considered when there is also an assignment of error upon the overruling of a motion for a new trial, in which a verdict for the plaintiff is complained of as not supported by evidence.

The charge of the court was not subject to the exceptions taken, and the court did not err in overruling the motion for a new trial.

DECIDED JUNE 13, 1922.

Action for damages; from city court of Bainbridge — Judge Spooner. January 30, 1922.

*Robert C. Alston, W. V. Custer,* for plaintiff in error, cited: 25 *Ga. App.* 159, and cit.; Civil Code (1910), § 5942; 241 U. S. 190; 250 U. S. 478.

*John R. Wilson, H. C. Harrison,* contra, cited: Loss and Damage Review, vol. 4, no. 2, p. 52; 10 Corpus Juris, § 487, p. 335; 4 Elliott, Railroads, § 1526; 4 R. C. L. 991; 143 Ala. 304 (111 Am. St. Rep. 45); 124 *Ga.* 482 (4, 5); 133 Ind. App. 564; 113 N. Y. Supp. 676; 24 Okl. 747; 29 Ont. L. 26-9; 223 S. W. 798; U. S. Comp. St., § 8604 a; 15 *Ga. App.* 142 (3).

LUKE, J. In this case the Miller Manufacturing Company sued the express company for the value of a shipment consigned to the plaintiff on August 23, 1919, and never delivered. The verdict was for the plaintiff. The defendant's motion for a new trial was overruled, and it excepted.

1. The contract of shipment was as follows: " Except where

loss or damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed." Upon the trial of the case evidence was introduced as to what had been the longest delays in the shipment by express from point of shipment to the destination of this particular item of freight. In addition thereto the following stipulation was made between the parties to the cause: "Counsel agree that the shipment complained of, consisting of one barrel of malleable iron, was consigned by Crane Company, of Chicago, Illinois, to Miller Manufacturing Company of Bainbridge, Ga., on August 23, 1919, and that said shipment was on said date by the Crane Company, the consignor, delivered to the American Railway Express Company, at its office in Chicago, Illinois, destined for delivery to Miller Manufacturing Company at Bainbridge, Ga., point of destination, and that an express receipt was given the consignor, covering said shipment, the express receipt being identical with the one set forth in plaintiff's amended petition. It is further agreed that the value of said shipment was $101.25 on August 23, 1919, and if plaintiff recovers there should be added interest thereto at 7% to represent full value of goods. It is further agreed that the only issue of fact for submission to the court and jury is as to whether the plaintiff was bound, under the contract of shipment, to serve notice of loss and file claim within a stipulated time, and, if required so to do, whether the plaintiff did in fact file the notice within a reasonable time. It is agreed that the plaintiff notified the American Railway Express Company at Chicago on January 16, 1920, of the loss of said shipment, and requested them to trace and show delivery of shipment to consignee at Bainbridge, Ga., that the value of the shipment would be demanded of the American Railway Express Company. That the claim was filed for said shipment on the 9th day of March, 1920." Upon the submission of evidence the express company contended that as a matter of law, under the contract of affreightment, no claim had been filed within a reasonable time after the expiration of the four months provided for in

the contract of affreightment. Error is assigned upon the court's refusal to hold that in contemplation of the contract such claim had not been filed as would entitle the plaintiff to recover. The claim having been filed within less than one month after the four-months period named in the contract of affreightment, we cannot say that the undisputed facts in this case show such delay in the filing of the claim after the four months period that we may as matter of law hold the delay unreasonable. See *American Railway Express Co.* v. *Roberts,* ante, 510 (111 S. E. 744), and cases cited.

2. At the conclusion of the plaintiff's testimony counsel for the defendant made the following statement to the court: "A case has not been made out, in my opinion, but if your honor holds that a case has been made, I would like to submit some proof of what is reasonable time to bring a shipment from Chicago." In response the court said, "Go ahead." It is contended that this was error; that this response of the court was in effect a ruling that the evidence was legal and was sufficient to put the case at issue between plaintiff and movant, and that the said motion was in the nature of a nonsuit. We do not think this was reversible error. The refusal of a motion to nonsuit is not considered when the case goes to final verdict and there is an assignment of error that the evidence did not authorize the verdict, as in this case.

3. The case was tried in accord with the stipulation entered into between the parties, and the charge of the court, when read in its entirety, was adjusted to the issues, and was not subject to the criticisms urged in the only other special grounds of the motion for a new trial. It was not error, for any reason assigned, to overrule the motion for a new trial.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*