14607. Georgia Granite Corporation v. Union Granite Company.

Jenkins, P. J. This was a suit by a partnership on a "liquidated account" for work and services performed. The petition alleges that an itemized statement is not attached thereto, as all the books and papers relative to said account are in the possession of the defendant; but that "said account sued for has been liquidated and agreed upon, and has been carried on the books of the defendant for more than two years as a liquidated balance due petitioner." The petition does not allege a promise by the defendant to pay the amount sued for. The defendant in its answer denied generally the allegations of the petition, and for further plea said that, while the defendant did owe plaintiffs a small·balance, much less than the sum sued for, the plaintiffs are indebted to defendant in a greater sum, by reason of the fact that plaintiffs did certain work in the finishing and cutting of granite jobs for the defendant company, according to specifications and orders turned over to them for each particular contract; that they "had

made serious mistakes in the lettering of certain jobs, failed to cut and finish other jobs according to specifications, and made such mistakes in their work as caused said jobs to be declined in some instances, and in some instances to be charged back to defendant for correction, defendant having to pay for the corrections and freight charges on the jobs corrected, and having to lose entirely the jobs rejected. Wherefore defendant prays judgment of the court for such amounts against the plaintiff." The plea does not state what amount was admitted to be owing by the defendant to the plaintiffs, nor does it state what amount the defendant was entitled to by way of recoupment. The plea was not demurred to. Proof was made as to the amount due by the admissions of the defendant, except as affected by its claim of recoupment, and proof was submitted as to the quality of the work. *Held:*

1. The suit cannot be treated, and was not tried, as being for an "account stated." "An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." *Moore* v. *Hendrix,* 144 *Ga.* 646 (87 S. E. 915); *Russell* v. *Wineburg,* 30 *Ga. App.* 319 (117 S. E. 666; *Shores-Mueller Co.* v. *Bell,* 21 *Ga. App.* 194, 195 (1) (94 S. E. 83). There is no dispute, under the evidence, that the account was liquidated in the sense that the amount of services performed and the price to be paid therefor were fixed and determined. *Rice-Stix Dry-Goods Co.* v. *Friedlander Bros.,* 30 *Ga. App.* 312 (117 S. E. 762). The proved previous admissions of the defendant fully authorized a finding that the plaintiffs were entitled to the amount sued for, unless the defendant was entitled to damages by way of recoupment. There was evidence on behalf of the plaintiff going to show that the work contracted for was properly performed. Consequently the verdict cannot be set aside upon the general grounds.

2. "Testimony offered for the purpose of proving an accord and satisfaction is inadmissible in behalf of a defendant whose answer does not set up a defense to which such testimony would be applicable." *Ingram* v. *Hilton & Dodge Lumber Co.,* 108 *Ga.* 194 (1) (33 S. E. 961). The testimony referred to in the 4th ground of the motion for new trial being therefore irrelevant, that ground of the motion is without merit. *Smith* v. *Page,* 72 *Ga.* 539. See also *Barksdale* v. *Security Investment Co.,* 120 *Ga.* 388, 396 (47 S. E. 943).

3. "An exception to a correct charge, because of failure to give, in the same connection, some other pertinent legal proposition, is not a good assignment of error." *Macon Ry. & Lt. Co.* v. *Barnes,* 121 *Ga.* 443 (3) (49 S. E. 282); *Smith* v. *Brinson,* 145 *Ga.* 406 (2) (89 S. E. 363); *Atlanta R. Co.* v. *Miller,* 23 *Ga. App.* 347, 350 (3) (98 S. E. 248). The 5th ground of the motion for new trial ·is therefore without merit.

4. "An assignment of error upon the refusal of the court of award a nonsuit will not be considered where the case proceeded to a verdict, and the defendant excepted to the overruling of a motion for a new trial, which included the ground that the verdict in favor of the plaintiff was contrary to the evidence and without evidence to support it." *Marietta Mining Co.* v. *Armstrong,* 25 *Ga. App.* 23 (1) (102 S. E. 451); *American Ry. Express Co.* v. *Miller Mfg. Co.,* 28 *Ga. App.*

622 (112 S. E. 653). The 6th ground of the motion for new trial with reference to the refusal of a nonsuit will not be considered, since the evidential questions thus raised are disposed of under the general grounds.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 27, 1923.

Complaint; from city court of Elberton—Judge Grogan. April 7, 1923.

*R. Stapleton,* for plaintiff in error.

*J. T. Sisk,* contra.