16490. HENDERSON *et al. v.* ELLARBEE.

JENKINS, P. J. 1. Where promissory notes stipulate, "we" promise to pay, etc., and are signed on the face by only one party,—a corporation by its officers,—and there are indorsed on the back of the notes the names of individuals not necessary to the transmission of the title to the notes, such "irregular or anomalous indorsers" (7 Cyc. 664; *Atkinson v. Bennett,* 103 *Ga.* 508, 510, 30 S. E. 599) are presumptively either comakers or sureties, and are not technical indorsers. If they are sureties, all or less than all could be sued in the venue of either; if joint makers, the same rule would apply unless the suit be abated for nonjoinder.

2. Where the plaintiff alleged that a named corporation was indebted to him as maker, and that other named individuals were indebted to him as indorsers, upon certain promissory notes, signed by the corporation and payable to the plaintiff and attached to the petition as exhibits, but the exhibits failed to indicate that the names of such individuals were indorsed on the back of the notes, a cause of action, defectively alleged, was set forth against the alleged indorsers, and it was permissible for the plaintiff to file an amendment curing the defect, by setting forth their names as being on the back of the notes. It was not necessary that the amendment should be served upon the defendants. "Service of the original petition is supposed to bring the defendant into court and put him on notice of the . . complaint against him; and there is no need to further notify him of any matter which can properly be made the subject of an amendment, except to place it on the records of the court to which he has been summoned." *Miller* v. *Georgia Railroad Bank,* 120 *Ga.* 17 (2), 19 (47 S. E. 525); and see *Pearson v. Jones,* 18 *Ga. App.* 448 (4) (89 S. E. 536); *Rea* v. *McGahee,* 12 *Ga. App.* 326 (77 S. E. 204); *General Accident &c. Corp.* v. *Way,* 20 *Ga. App.* 106 (2·a), 107 (92 S. E. 650). While it is the general rule that the allegations of an amendment have to be proved, and are not admitted by a failure to plead in answer either to the petition as served or to the amendment (*Hudson* v. *Hudson,* 119 *Ga.* 637 (4), 46 S. E. 874; *Brown* v. *Atlanta, Birmingham &c. R. Co.,* 131 *Ga.* 259, 62 S. E. 186), this rule does not apply where the amendment adds no fact not already alleged (though defectively alleged) in the original petition; and particularly is this so where such an amendment is filed during the appearance term and before the case has been marked in default. While the filing of a material amendment to the petition *after* the case

Bills and Notes, 8 C. J. p. 74, n. 96; p. 79, n. 70; p. 80, n. 71; p. 819, · n. 67; p. 902, n. 31 New; p. 954, n. 2; p. 958, n. 65 New.

Judgments, 33 C. J. p. 1143, n. 62 New: 34 C. J. p. 38, n. 69, 71; p. 157, n. 64, 64 New 68; p. 238, n. 14; p. 251, n. 63 New; p. 291, n. 61; p. 293, n. 77, 79; p. 421, n. 11; p. 429, n. 79; p. 431, n. 7 New.

Pleading, 31 Cyc. p. 460, n. 74 New; p. 465, n. 21 New; p. 592, n. 38; p. 594, n. 61; p. 674, n. 34.

Principal and Surety, 32 Cyc. p. 123, n. 33 New.

Trial, 38 Cyc. p. 1880, n. 37.

Venue, 40 Cyc. p. 100, n. 91.

has been entered "in default" will open the default so as to give the defendants full right to plead (Civil Code, § 5652; *Jones* v. *Grantham*, 80 *Ga.* 472, 5 S. E. 764; *Calhoun* v. *Mosley*, 114 *Ga.* 641 (3), 40 S. E. 714; *Lippman* v. *Ætna Insurance Co.*, 120 *Ga.* 247 (3), 47 S. E. 593; *Tate* v. *Goode*, 135 *Ga.* 738, 741, 70 S. E. 571, 33 L. R. A. (N. S.) 310), the filing of an amendment such as indicated above, whether before or after the entry of default, will not affect the validity of the judgment rendered, since the judgment cured any defective statement of the original cause of action.

3. Where suit is brought and maintained upon several promissory notes, as set forth above, and one of the notes does not contain a waiver of protest and notice of nonpayment, etc., though made payable at a bank, the plaintiff is not required to plead and prove protest and notice of nonpayment, etc., as to the anomalous indorsers on the note, even though such proof be demanded, inasmuch as on the face of the instrument they are not technical indorsers, so as to be entitled to notice of nonpayment, etc. See *Booth* v. *Huff*, 116 *Ga.* 8 (1) (42 S. E. 381, 94 Am. St. R. 98); *James* v. *Calder*, 7 *Ga. App.* 707 (2) (67 S. E. 1125).

4. "A judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict, or amendable as matter of form." Civil Code (1910), § 5960; see *Strickland* v. *Citizens National Bank of Rockmart*, 15 *Ga. App.* 464 (83 S. E. 883). Accordingly, inasmuch as nonjoinder of a comaker or surety is a curable defect (see *Beasley* v. *Allan*, 23 *Ga.* 600; *Eagle Manufacturing Co.* v. *Wise*, 40 *Ga.* 127; *Maynard* v. *Ponder*, 75 *Ga.* 664 (1); *English* v. *Grant*, 102 *Ga.* 35, 29 S. E. 157), and inasmuch as the lack of a prayer for a monetary judgment, if a defect at all, is an amendable defect (*Fitzpatrick* v. *Paulding*, 131 *Ga.* 693, 63 S. E. 213, and cit.), and inasmuch as in a suit against joint or joint and several obligors, where some are not served, the verdict and judgment are good as against those served (*Stanford* v. *Bradford*, 45 *Ga.* 97 (2); *Langston* v. *Langston*, 141 *Ga.* 675, 82 S. E. 36), there was no error in overruling the motion to arrest or to set aside the verdict and judgment upon allegation and proof of either or all of such defects.

5. Plaintiff sued upon promissory notes executed and payable in Florida, and alleged that notice for attorney's fees had been given, and prayed for such fees. Two of the notes provided for fixed 10% fees, while another one provided for "reasonable fees." While it may perhaps have been essential to the recovery of such fees for the plaintiff to allege and prove the provisions of the lex loci contractus allowing attorney's fees (see, in this connection, *Brooks* v. *Boyd*, 1 *Ga. App.* 65 (7), 66, 57 S. E. 1093); and while, in respect to the note stipulating "reasonable fees," it was essential to show that 10% was reasonable (*Baker* v. *Richmond City Mill Works*, 105 *Ga.* 225 (2), 31 S. E. 426; *Cramer* v. *Huff*, 114 *Ga.* 981, 41 S. E. 57; *Brooks* v. *Boyd*, supra), and while, in the absence of an allegation and proof that such fee was reasonable, that part of the verdict adjudicating a separately named sum for attorney's fees might have been void to the extent of such unproved reasonableness of the fees mentioned above, such infirmity would not render the whole verdict and judgment void. *Wheeler* v. *Martin*, 145 *Ga.* 164 (3), 165 (88 S. E. 951); *Glennville Bank* v. *Deal*, 146 *Ga.* 127

·(4) (90 S. E. 958); *Smith* v. *Knowles*, 12 *Ga. App.* 715 (2) (78 S. E. 264); *Farmers & Merchants Bank* v. *Alford*, 21 *Ga. App.* 546 (94 S. E. 818). "A judgment valid in other respects will not be set aside as void because it adjudges that the plaintiff recover, in addition to the principal sum and interest, a named amount as attorney's fees, whether or not the recovery of attorney's fees was unauthorized under the pleadings in the case. . . If so much of the judgment as awards attorney's fees was unauthorized, proceedings to amend the judgment, or vacate it in part, might lie, whereby that which was good might be preserved and that which was bad might be removed; but where part is good and a part bad, and the attack in the motion to set aside was upon the judgment as a whole, the motion was properly overruled." *Shahan* v. *Myers*, 130 *Ga.* 724 (61 S. E. 702).

6. Movants having invoked a ruling to the effect that the corporation defendant, being a nonresident and not having any place of business in this State, was not suable here, although served through its president who resided in this State, nor bound by the verdict and judgment rendered, the fact that the trial court, upon motion of the plaintiff, struck the name of the corporation from the judgment did not affect the judgment against the other defendants therein.

7. The provisions of the Civil Code (1910), § 5654, as to the opening of defaults at the trial term, are in effect that the judge in his discretion, on' payment of costs (*Sweat* v. *Mohr*, 21 *Ga. App.* 93, 94 S. E. 79), may allow the default to be opened for providential cause preventing the filing of a plea, or other excusable neglect (*Athens Leather Mfg. Co.* v. *Myers*, 98 *Ga.* 396, 25 S. E. 503; *Peterson* v. *Martin Furniture Co.*, 144 *Ga.* 316, 86 S. E. 1099; *Pryor* v. *American Trust &c. Co.*, 15 *Ga. App.* 822 (2), 84 S. E. 312; *Colclough* v. *Walker*, 19 *Ga. App.* 23, 90 S. E. 742; *Holmes* v. *First National Bank*, 19 *Ga. App.* 810 (2), 811, 92 S. E. 298), or where the judge, from all the facts, shall determine that a proper case has been made for opening the default on terms to be fixed by the court, and that the·showing shall be made under oath (*Stubbs* v. *Mendel*, 148 *Ga.* 802 (3), 98 S. E. 476; *Coker* v. *Lipscomb*, 17 *Ga. App.* 506 (2), 87 S. E. 704). The movants having failed to comply with the provisions of the law by showing that they had paid the costs (see *Slack* v. *Elkins*, 10 *Ga. App.* 571, 73 S. E. 862), or by showing that each movant had individually verified the application, or by showing that the failure to plead was due to providential cause or excusable neglect, and not to some unfounded and unjustifiable reason for not so doing (*Harrell* v. *Williams*, 11 *Ga. App.* 552, 75 S. E. 904), it can not be held that the court erred in denying the application, especially as it does not appear that there was an abuse of the discretion which the trial judge exercises over the whole matter. Civil Code (1910), § 5654; *Murphy* v. *Chipley &c. Co.*, 19 *Ga. App.* 492 (91 S. E. 911); *Holmes* v. *First Nat. Bank*, 19 *Ga. App.* 810 (92 S. E. 298); *Morgan* v. *Goldstein*, 20 *Ga. App.* 115 (2) (92 S. E. 777).

　　　　　*Judgment affirmed. Stephens and Bell, JJ., concur.*

　　　　　Decided January 16, 1926.

Complaint; from Irwin superior court—Judge Eve. February 21, 1925.

*Eldridge Cutts,* for plaintiffs in error. *Rogers & Rogers,* contra.