17392. CONE *et al.* v. GLIDDEN STORES COMPANY.

1. In a suit in the municipal court of Atlanta, as in cases in justices' courts (*Ladd Lime & Stone Co.* v. *Case,* 34 *Ga. App.* 190 (1), 129 S. E. 6; *Hines* v. *Malone,* 25 *Ga. App.* 781 (1), 105 S. E. 37), it is necessary that the alleged cause of action, whether contained in the body of the summons or attached to the summons as an exhibit (*So. Ry. Co.* v. *Collins,* 118 *Ga.* 411 (2), 45 S. E. 306), shall furnish to the defendant or defendants reasonable notice of the character of the plaintiff's demand. The present action was subject to general demurrer for noncompliance with this rule. *Thomas* v. *Forsyth Chair Co.,* 119 *Ga.* 693 (46 S. E. 869); *Hendrix* v. *Elliott,* 2 *Ga. App.* 301 (58 S. E. 495); *Macon & Birmingham Ry. Co.* v. *Walton,* 121 *Ga.* 275 (1) (48 S. E. 940); *Jackson* v. *Menter Co.,* 20 *Ga. App.* 666 (93 S. E. 255); *Williams* v. *George,* 104 *Ga.* 599 (3) (30 S. E. 751); *Powell* v. *Alford,* 113 *Ga.* 979 (39 S. E. 449); *Jackson* v. *Brothers & Sisters of Promise,* 2 *Ga. App.* 761 (59 S. E. 11); *Ga. Southern &c. Ry. Co.* v. *Oliver,* 6 *Ga. App.* 308 (64 S. E. 1007); *Hancock* v. *Allen,* 29 *Ga. App.* 611 (2) (116 S. E. 321); *Mayer* v. *So. Express Co.,* 17 *Ga. App.* 744 (88 S. E. 403). No amendment having been offered, the question whether the suit is amendable is not involved in this case.

2. Furthermore, the defendants having answered the suit in the manner provided for in sections 36 and 37 of the act creating the municipal court of Atlanta (Ga. L. 1913, p. 145), and such answer being sufficient in a case of this sort, to put the plaintiff upon proof, the judgment in the plaintiff's favor was erroneous, because, as shown in the answer as made by the trial judge.to the certiorari, there was no evidence whatever to sustain it.

3. "Where a garnishment is sued out pendente lite by the plaintiff and dissolved by the defendant, there can be no judgment rendered on the bond given to dissolve the garnishment until after judgment is rendered in the main action in favor of the plaintiff against the defendant therein. This judgment must be against the defendant alone, and not against him jointly with the surety on the bond." *Everett* v. *Westmoreland,* 92 *Ga.* 670 (2) (19 S. E. 37). The judgment against the sureties upon the bond given by the defendants to dissolve the garnishment was illegal, because (if not also for other reasons) there had been no previous judgment in the plaintiff's favor against the defendants in the main action. *Simerly* v. *Brooks,* 21 *Ga. App.* 169 (2) (93 S. E. 1017). With further reference to the garnishment proceedings in this case see *Smith* v. *Kennedy,* 125 *Ga.* 830 (2) (54 S. E. 731); *Carpenter* v. *Bryson,* 35 *Ga. App.* 622 (134 S. E. 180); Civil Code, 1910, §§ 5280, 5281.

4 Applying the above rulings, the superior court erred in not sustaining the certiorari.

DECIDED DECEMBER 20, 1926.

Certiorari; from Fulton superior court—Judge Humphries. March 9, 1926.

Courts, 15 C. J. p. 987, n. 61.
Garnishment, 28 C. J. p. 538, n. 2, 6.

*Morris Macks, E. C. Peek Jr.,* for plaintiffs in error.

*Efurd & Phillips,* contra.

BELL, J. The bill of exceptions in this case complains of a judgment of the superior court dismissing a certiorari. The Glidden Stores Company brought suit in the municipal court of Atlanta against Charles Cone Realty Company, a corporation, and Charles Cone individually. Attached as an exhibit to the summons was the following alleged cause of action:

"Exhibit 'A'.

The Glidden Stores Company

Jap-a-lac

Date—December 12th, 1924.

Chas. Cone Realty Co. &

Chas. Cone.

June—1924.

For material, $677.47."

The defendants answered the suit by a general appearance made by their attorneys in conformity with sections 36 and 37 of the act creating the municipal court of Atlanta (Ga. L. 1913, p. 145). The trial court overruled the motion of the defendants, in the nature of a general demurrer, to dismiss the action. It appears that the plaintiff sued out a garnishment, which the defendants dissolved by a bond on which R. F. Davis and A. B. Tumlin were sureties. The court rendered the following judgment: "The within case coming on to be heard and due weight having been given the evidence, it is hereby considered, ordered, and adjudged, and is ordered and adjudged that the plaintiff, the Glidden Stores Co., recover from the defendant, Chas. Cone Realty Co., and Chas. Cone and R. F. Davis and A. B. Tumlin securities on the bond to dissolve garnishment, the principal sum of $677.47 and cost of suit. This the 9th day of March, 1925." The petition for certiorari alleged that "there was absolutely no legal proof or evidence to support said judgment, there being no proof submitted of the correctness of the alleged claim sued upon—neither as to charges nor as to delivery, nor as to credits for payments made, as your petitioner is advised and believes. And there certainly was no proof submitted to authorize or support a judgment against R. F. Davis and A. B. Tumlin." These allegations were verified by the trial judge in his answer to the certiorari. The assign-

ments of error in the record raised the questions decided in the headnotes. Under the rulings made therein, the superior court erred in not sustaining the certiorari.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*