18065. WALKER *v.* INDUSTRIAL STORES COMPANY.

1. In a suit on an account in a justice's court, to which the defendant filed a special demurrer upon the ground that the account was not itemized nor set forth with the particularity required by law, where the plaintiff amended the suit by alleging as to a certain portion of the account that "the said defendant agreed with the agent of the plaintiff on the amount shown thereon as being a true and correct statement of the indebtedness existing between them as of that date," this was a sufficient allegation of an account stated, in the absence of proper demurrer or objection pointing out the omission to show a promise to pay; and as to such portion of the account the demurrer as filed was satisfied.

2. The copy of the account attached to the summons in this case originally contained only the date, the names of the parties, and the following words and figures: "To acct. rend. $94.48." In response to the special demurrer, the plaintiff by amendment sufficiently itemized a portion of the account, and, in reference to another portion, set forth the agreement quoted in the preceding paragraph, but as to a remainder of $29.42 the account remained unitemized, and to that extent the amendment failed to meet the demurrer.

3. The defendant's petition for certiorari appears to have been good in part, and therefore should have been sanctioned.

DECIDED NOVEMBER 21, 1927.

Petition for certiorari; from Glynn superior court—Judge J. H. Thomas. January 17, 1927.

*Joseph B. Hand,* for plaintiff in error.

*Conyers & Gowen,* contra.

BELL, J. In an action on an account in a justice's court, a copy of the account attached to the summons contained only a date, the names of the parties, and the following words and figures: "To acct. rend. $94.48." The defendant filed a timely special demurrer upon the ground that the account was not properly itemized nor set forth with the particularity required by law. Whereupon the plaintiff amended by itemizing $14.41 of the account, and by alleging that, as to $55.65 for "bal. acct. as per slips del.," charged as of a certain date, "the said defendant agreed with the agent of the plaintiff on the amount shown thereon as being the true and correct statement of the indebtedness existing between them as of that date." The remaining portion of the account, $29.42, remained unitemized as before. The defendant's demurrer, being renewed, was overruled, and the case

Accounts and Accounting, 1 C. J. p. 652, n. 56; p. 653, n. 65; p. 654, n. 82.

was tried and resulted in a judgment for the plaintiff. The defendant presented to the judge of the superior court a petition for certiorari, alleging the facts as stated above. The judge refused to sanction the same, and the defendant excepted.

The plaintiff's amendment setting forth the agreement with reference to the correctness of $55.65 of the account was an attempt to allege an account stated, and while it was deficient in failing to show a promise to pay, there was no demurrer or objection because of this omission. The amendment therefore was a sufficient declaration of an account stated and to that extent the demurrer was satisfied. Civil Code (1910), § 4591; *Ward* v. *Stewart,* 103 *Ga.* 260 (3) (29 S. E. 872); *Moore* v. *Hendrix,* 144 *Ga.* 646 (87 S. E. 915); *Borders* v. *Gay,* 6 *Ga. App.* 734 (65 S. E. 788); *Shores-Mueller Co.* v. *Bell,* 21 *Ga. App.* 194 (94 S. E. 83); *Russell* v. *Wineburg,* 30 *Ga. App.* 319 (117 S. E. 666); *Heyward* v. *Ramsey,* 31 *Ga. App.* 14 (121 S. E. 847); *Georgia Granite Corp.* v. *Union Granite Co.,* 31 *Ga. App.* 261 (120 S. E. 547). Also, the amendment sufficiently itemized $14.41 of the account, but as to the remainder, $29.42, the demurrer was not met. To this extent the cause of action was not set forth with such definiteness and certainty as to fairly apprise the defendant of the character of the plaintiff's demand and to enable him to properly prepare a defense or to confine the plaintiff to any particular claim; and for this reason the action was subject to the special demurrer pointing out the defect. It is immaterial in such case that the amount is small or what the actual facts are. Where there is no sufficient itemized statement of the account, "a conscientious defendant would be unwilling to file the oath denying the justice of the plaintiff's account until he had first seen the itemized statement, and until he knew exactly what it was that he was denying under oath." *Pope* v. *Wilson,* 9 *Ga. App.* 197 (70 S. E. 977). While such a general statement of the account might be sufficient to support a judgment as against a motion in arrest of judgment, it is not sufficient as against a timely special demurrer calling for a copy of the account and of the items which constitute it. See, *Rea* v. *McGahee,* 12 *Ga. App.* 326 (77 S. E. 204); *Mayer* v. *So. Express Co.,* 17 *Ga. App.* 744 (88 S. E. 403); *Jackson* v. *Menter Co.,* 20 *Ga. App.* 666 (93 S. E. 255); *Thomas* v. *Forsyth Chair Co.,* 119 *Ga.* 693 (46 S. E.

869); *Cone* v. *Glidden Stores Co.,* 36 *Ga. App.* 246 (136 S. E. 170).

The petition for certiorari, being good in part, should have been sanctioned.

*Judgment reversed.   Jenkins, P. J., and Stephens, J., concur.*